**HAMPTON THEATRES, Inc. v. PARAMOUNT FILM DISTRIBUTING CORPORATION et al.**

Civ. A. No. 263–50.

United States District Court
District of Columbia.

May 15, 1950.

646

John F. Clagett, Harold L. Schilz, of Clagett & Schilz, all of Washington, D. C., for plaintiff.

Kenneth Royall of Dwight, Royall, Harris, Koegel & Caskey, of Washington, D. C., for defendants.

TAMM, District Judge.

Plaintiff, a Virginia corporation, which operates a motion picture theatre located about mid-way between Hampton and Newport News, Virginia, brings this action to recover of defendants damages for alleged violations of the Sherman and Clayton Acts, 15 U.S.C.A. § 1–7, 15 note, 12 et seq., and for injunctive relief to prevent further violations of said Acts. Defendants are corporations of Delaware or New York, all of whom maintain branch offices in the District of Columbia and service of process has been had in this jurisdiction.

Defendants have moved, pursuant to Section 1404(a) of Title 28 of the United States Code Annotated, for an order transferring this civil action to the United States Court for the Eastern District of Virginia, at Newport News, Virginia. This section of the Code provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district or division *where it might have been brought*". (Emphasis supplied.) It will thus be seen that this Court may, in its discretion, transfer this case to any other district "where [the action] might have been brought." Looking then to the venue statute of the Clayton Act, 15 U.S.C.A. § 22, which is the broader of the two venue pro-

visions, we find that "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

The defendants do not contend, nor could such a contention be substantiated, that this Court lacks jurisdiction of either the subject matter, or the parties. Defendants contend (1) that plaintiff's cause of action, if any, did not arise in the District of Columbia; (2) that since plaintiff has demanded a jury trial, a jury should see or be familiar with the localities involved and that can be done, if at all, only by a Virginia jury; (3) should an adverse decree be entered requiring minute supervision, only a court sitting in the locality of the business involved could perform that function practically; and (4) that the alleged co-conspirators, who are not named as defendants, are subject to service of process in Virginia, but not in this jurisdiction and that defendants could not guarantee their attendance as witnesses if the case were tried in the District of Columbia. Defendants have no branch offices in Virginia, nor have they registered as foreign corporations doing business in Virginia. They have submitted affidavits from the Washington Branch Managers of each of the defendants involved which contain allegations to the effect that salesmen are employed who solicit applications for licenses from exhibitors located in Virginia; that these salesmen work out of the Washington Branch Offices; that these salesmen make regular calls on exhibitors in Virginia; that similar calls are made by the Branch Managers themselves; that these are weekly, bi-weekly or monthly calls; that films are shipped out of the District to the theatres in Virginia; and that it would be for the convenience of the parties and witnesses and the interests of justice that this case be transferred to the Eastern District of Virginia. Defendants maintain records of their Virginia sales in their District of Columbia branch offices. At least

one witness representing each defendant in the District of Columbia would be a necessary witness in a trial in Virginia.

Plaintiff, on the other hand, contends, inter alia, that the defendants are not "transacting business" within the Commonwealth of Virginia in such a manner as to make them amenable to service of process there, hence there are not two alternative forums as contemplated by the Transfer Statute.

■ On the "solicitation-plus" theory, Frene v. Louisville Cement Co., 77 U.S.App. D.C. 129, 132, 134 F.2d 511, 146 A.L.R. 926, this may very well be considered a "borderline" case. However, this Court is of the opinion that the defendants are not "transacting" or "doing" business in Virginia within the provisions of the statutes under which this action is brought and that consequently the action could not have been maintained in Virginia. The court is of the further opinion that there could be no valid service of process in Virginia. Since the action could not be maintained in Virginia, the Court may not under § 1404(a) of T. 28 of the United States Code Annotated transfer the action there.

■ Conceding, arguendo, that this case might properly be transferred to the Eastern District of Virginia, as pointed out by Ryan, J., in Ferguson v. Ford Motor Company, D. C., 89 F.Supp., 45, 50: " * * it remains the law that a movant for relief under 1404(a) must show a preponderant balance in his favor, for it is still only the exceptional case which merits relief under this section." No such showing has been made by the defendants in the case at bar since the Court finds defendants' contentions as to their basic justification for maintaining this motion to be without substantial merit, and it is the decision of this Court that the convenience of the parties and a substantial number of witnesses, as well as the interests of justice, would be best served by a trial of this action in the jurisdiction of the plaintiff's choice.

Defendants' Motion will be denied and counsel will present Order.