### BLACKMAR v. GUERRE et al.
#### No. 13540.

United States Court of Appeals
Fifth Circuit.

July 11, 1951.

428

René R. Nicaud, New Orleans, La., for appellant.

Lansing L. Mitchell, Nicole E. Simoneaux, Asst. U. S. Attys., John N. McKay, U. S. Atty., New Orleans, La., for appellees.

Before HUTCHESON, Chief Judge, and SIBLEY and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Appellant sued in the Eastern District of Louisiana under the declaratory judgment act, 28 U.S.C.A. § 2201, to secure a judgment declaring him entitled to reinstatement in his former position with the Veterans' Administration in New Orleans, from which he was discharged by the regional manager there, which action was affirmed by the U. S. Civil Service Commission. This appeal is from a judgment below dismissing the complaint for improper venue.

Defendants named in the complaint are: "L. F. Guerre, manager, Veterans' Administration regional office No. 3021, New Orleans, Louisiana, and United States Civil Service Commission."[1] Unless venue is properly laid in the Eastern district of Louisiana, and service of process can be effectuated there, both of which the Commission contests, the action must abate, as the Commission is clearly an indispensable party. To nullify the Commission's approval of appellant's dismissal by the Veterans' Administration is one of the principal objects of the complaint, which seeks mandatory relief against the Commission to correct its alleged error.

The complaint alleges that the Commission is represented in New Orleans by a regional director, upon whom process was served, and who resides in the Eastern district of Louisiana. But the suit is against the Commission itself, not the regional director. The complaint is silent as to the domicile of the Commission. The court takes judicial notice, however, that the Commission's official situs and legal domicile is in the District of Columbia, where its plenary powers are exercised, though many of its subordinate and ministerial functions are necessarily carried out locally by regional officials who act, not by virtue of their own authority, but solely under the control and direction of the Commission. This fact, however, does not authorize suits against the Commission wherever its functions are thus vicariously performed.

Federal jurisdiction of this case is rested, not upon diversity of citizenship, but upon the ground that it is a civil action arising under the Constitution and laws of the United States, the requisite jurisdictional amount being involved. 28 U.S.C.A. § 1331. Appellant also asserts that sec. 10 of the Administrative Procedure Act, 5 U.S.C. A. § 1009, confers jurisdiction.

The suit is *in personam*, as it involves only the personal rights or legal relations of the parties and their duty, or breach of duty, with respect thereto. Such a suit may be brought *only* in the judicial district where *all* defendants reside, "except as otherwise provided by law." 28 U.S.C.A. § 1391(b). (Italics supplied.) We have been directed to no other statute, and have found none, which provides "otherwise" for a suit of this nature. Compare Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949; Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777.

Since the domicile or legal residence of an executive agency of the United States, such as the Civil Service Commission, is ordinarily at the seat of government, suit must necessarily be brought in the District of Columbia under 28 U.S.C.A. § 1391(b) where, as here, there is no statutory authority for instituting the suit elsewhere, and the Commission is an indispensable party. Bradley Lbr. Co. v. National Labor Rela-

---

1. There was personal service of process on A. J. Leach, regional director, U. S. Civil Service Commission; upon L. F. Guerre, manager, Veterans' Administration regional office; and upon Robert Weinstein, United States Attorney, all at New Orleans. Copies of the summons and complaint were delivered by registered mail to the Attorney General of the United States, and to the U. S. Civil Service Commission, at Washington, D. C.

tions Bd., 5 Cir., 84 F.2d 97; Podovinnikoff v. Miller, 3 Cir., 179 F.2d 937; Hartmann v. Federal Res. Bank, D.C., 55 F. Supp. 801; Putnam v. Ickes, 64 App.D.C. 339, 78 F.2d 223; Kentucky Natural Gas Corp. v. Public Serv. Comm., D.C., 28 F. Supp. 509, headnotes 13 and 14, affirmed 6 Cir., 119 F.2d 417.

The suit could not be transferred to the District of Columbia pursuant to 28 U.S.C.A. §§ 1404(a) or 1406(a), because that would be an improper venue for the defendant L. F. Guerre, a resident of Louisiana. Mississippi Power & Light Co. v. Federal Power Comm., 5 Cir., 131 F.2d 148. Transfer under those sections is limited to districts where the suit could be originally brought. Putnam v. Ickes, 64 App. D.C. 339, 78 F.2d 223. Compare Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949; Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777.

For the reasons stated, the judgment appealed from will be affirmed, but since we do not reach the merits the affirmance is without prejudice to further proceedings by appellant in the proper venue.

Affirmed.