**SILBERT v. NU–CAR CARRIERS, Inc. et al.**

**PERSKY v. NU–CAR CARRIERS, Inc. et al. (two cases).**

United States District Court, S. D. New York.

April 8, 1953.

358

Goldwater & Flynn, New York City, for plaintiffs.

Frederick Mellor, New York City, for defendant Nu-Car Carriers, Inc.

IRVING R. KAUFMAN, District Judge.

The defendant, Nu-Car Carriers, Inc. moves this Court for an order, transferring this action from this district to the Eastern District of North Carolina, pursuant to Section 1404(a), Title 28, United States Code. The defendant, Nu-Car Carriers, Inc., is a corporation organized under the laws of the State of Maryland, and is a citizen of that State; that defendant does business in the State of New York as well as the State of North Carolina. The defendant, Jordan, is a citizen and resident of the State of North Carolina.

Action 81-379 is one by Merle Silbert, an infant under the age of 14 years, by her guardian ad litem, both residents and citizens of the State of New York, to recover for personal injuries sustained by the infant in the sum of $250,000 arising out of an automobile accident which is alleged to have taken place at or near the town of Benson, County of Johnson, State of North Carolina.

Action 82-10 is one by the Administratrix of Charles Silbert, deceased, to recover the sum of $250,663 for the death of Charles Silbert, arising out of the same automobile accident.

Action 83-42 is one by the Administratrix of Celia Silbert, deceased, in the sum of $100,597 arising out of the death of Celia Silbert, in the same automobile accident.

These actions were instituted in the Supreme Court of the State of New York, County of Bronx, and the defendants removed these cases to the Federal Court on diversity grounds. Defendants urge here that because of the convenience of witnesses and parties, the actions should be removed to the District Court, for the Eastern District of North Carolina.

Upon the argument of these motions, I was advised that the defendants and plaintiffs have stipulated to the joinder of the American Ice Company as a party defendant. I was further advised by the parties that the American Ice Company has not been organized under the laws of the State of North Carolina nor is it doing business in that state. Section 1404(a) reads:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action *to any other district or division where it might have been brought.*" (Emphasis added.)

This Court does not have any power to consider the question of transfer. This conclusion is inevitable because of the joinder of American Ice Company as a party defendant thus making this action one which could not have been brought in the Eastern District of North Carolina.

Under forum non conveniens it was said that the doctrine always presupposes at least "two * * * forums in which the defendant is amenable to process [Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506, 507, 67 S.Ct. 839, 91 L.Ed. 1055] * * * and they shall not be dependent merely upon the will or grace of the defendant, but must be provided by law." Tivoli Realty v. Interstate Circuit, 5 Cir., 1948, 167 F.2d 155, 156, certiorari denied 334 U.S. 837, 68 S.Ct. 1494, 92 L.Ed. 1762.

Since 1404(a) is essentially a codification of forum non conveniens, this would require that the district to which transfer is desired be both proper as to venue and

as to jurisdiction, i. e., that the action could properly have been instituted in the transferee district and not merely commenced in the sense that a complaint can be filed. Foster-Milburn Co. v. Knight, 2 Cir., 1950, 181 F.2d 949.

In view of the fact that these actions could not have been brought in the Eastern District of North Carolina because of the lack of jurisdiction over American Ice Company, I am without power to consider the other reasons urged by the defendant Nu-Car Carriers, Inc. for transfer to that district.

The motions are accordingly denied.

Settle order.