**Frederick GRIFFIN, Sr., Plaintiff,**

v.

**Ben C. CONNALLY, Defendant.**

**Civ. A. No. 8670.**

United States District Court,
S. D. Texas, Houston Division.

Jan. 25, 1955.

Frederick Griffin, Sr., Houston, Tex., pro se.

David Searls and Leon Jaworski, Houston, Tex., for defendant.

INGRAHAM, District Judge.

In this suit plaintiff, Frederick Griffin, Sr., sues Ben C. Connally, one of the Judges of the United States District Court for the Southern District of Texas. The basis of the complaint is that Griffin had previously filed a suit in the United States District Court for the Southern District of Texas, Houston Division, against Philander Smith College, its officers and trustees, all of Little Rock, Arkansas, in which suit Judge Ben C. Connally, acting in his capacity as United States District Judge for the Southern District of Texas, first, sustained a motion of defendants in such suit to quash service of process, and later sustained a motion of the defendants therein to dismiss the suit; and in the present suit plaintiff Griffin sues Judge Connally, complaining of his actions in dismissing the former suit and praying "for one hundred and twenty five thousand dollars ($125,000) personal damages; And *temporary injunction*, permanent injunction and declaratory judgment against the defendant to the extent of demanding the defendant to rehear the referred to cause of action, rendering fair and impartial justice and to render such justice throughout the proceedings of said cause; plus cost of court." The present suit is now before the court on two motions (1) by plaintiff for change of venue to the Southern District of New York and (2) by defendant to dismiss.

Plaintiff's motion for change of any venue to the Southern District of New York avers that he strongly feels that he will not be given a fair and impartial trial in this court. Plaintiff chose his forum when he filed his suit. Both plaintiff and defendant reside at Houston in the Southern District of Texas. The reason claimed for change of venue is not found in the statute governing change of venue, Title 28 U.S.C. § 1404. To transfer a case to the Southern District of New York, wherein both parties reside in this district and the matters complained of occurred in this district, would not be for the "convenience" of the forum. Title 28 U.S.C. § 1406 provides that the district court of a district in which is filed a case laying venue in the wrong division or district * * * may transfer such case to any district or

division in which it could have been brought. This case could not have been properly brought in the Southern District of New York as the defendant could not have been found there for service.

"Although the doctrine of forum non conveniens is related to the concept of venue, it can be applied only where there is no mistake of venue. Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 504, 67 S.Ct. 839 [91 L.Ed. 1055]. It is therefore not simply a matter of venue, and the applicability of the doctrine is not determined by any action of a party which would operate as a waiver of venue. It is for the court to determine whether, in its discretion, the suit should be entertained in this forum, in which there is no defect respecting jurisdiction or venue, or whether the suit could more conveniently proceed in another forum in which the defendant is amenable to process. But the power of a court in resisting an imposition upon its jurisdiction is limited to a dismissal of the suit; there is no power to transfer the suit to the proper forum." Murray v. Union Pac. R. Co., D.C., 77 F. Supp. 219, 220.

Plaintiff's motion for change of venue should be denied and over-ruled.

■■ Defendant's motion to dismiss is on the grounds that the complaint fails to state a claim against defendant upon which relief can be granted. The law is well settled and established that judges are exempt from liability in a civil action for acts done by them in the exercise of their judicial functions. No matter what their motives may be, they cannot be inquired into. The law on this subject is exhaustively treated in two cases recently decided by United States District Courts in the Southern District of New York and the Western District of Pennsylvania. It is interesting to note that in each of those cases the plaintiff appeared pro se. Cited are Morgan v. Sylvester, D.C., 125 F.Supp. 380, and Ginsburg v. Stern,

D.C., 125 F.Supp. 596, and the many cases cited thereunder. Defendant's motion to dismiss should be granted and sustained.

The court does not believe it is necessary to discuss the other causes urged for dismissal of the suit such as the absence of diversity of citizenship in a suit for damages.

The Clerk will notify the parties and counsel. Appropriate order should be drawn and presented.