**John J. TROY**

v.

**Samuel W. POORVU, Beatrice H. Poorvu, Sumner L. Poorvu, Mae C. Poorvu and Samuel W. Poorvu, Inc.**

**Civ. A. No. 55-142.**

United States District Court
D. Massachusetts.
June 29, 1955.

Franklin N. Flaschner, Singer, Stoneman & Kurland, Boston, Mass., for plaintiff.

Timothy J. Donahue, Bertram H. Loewenberg, Sherburne, Powers & Needham, Boston, Mass., for defendants.

FORD, District Judge.

Plaintiff in this action moves for the transfer of this action to the United States District Court for the District of Connecticut under the provisions of 28 U.S.C.A. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

From the facts set forth in the plaintiff's affidavit, it appears that this is an action by plaintiff, a resident of Connecticut, to recover for personal injuries received in an accident in New Haven, Connecticut. Plaintiff is alleged to be so seriously disabled that it would be difficult for him to travel to Massachusetts. Most, if not all, of the witnesses, both the witnesses as to the happening of the accident and the medical witnesses, live in or near New Haven, Connecticut. Another action by the same plaintiff against another defendant and based on the same accident, is now pending in the United States District Court in Connecticut. The only connection the case has with this district is that the defendant corporation is a Massachusetts corporation and the individual defendants are residents of this state. The case is clearly one in which the convenience of the parties and witnesses and the interest of justice would require the granting of the requested transfer.

Defendants, however, object that this court does not have power under § 1404 to order the transfer. The basis of this contention is that none of the defendants is amenable to service of process in Connecticut, and hence the District of Connecticut is not one in which this action might have been brought within the requirements of § 1404(a). Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777; Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949.

The meaning of § 1404 has been discussed by the Court of Appeals for this circuit in the case of In re Josephson, 1 Cir., 218 F.2d 174. The Josephson case is distinguishable from the Foster-Milburn case and the present case, in that in Josephson the transfer was requested by defendants who waived any question of venue and jurisdiction and agreed to appear in the forum in which the case was transferred. The court, at page 185, however, refers to this waiver as "probably superfluous". Speaking of the interpretation to be given to § 1404(a) the court says, 218 F.2d at page 184: "Hence it seems to us that the obvious purpose of the phrase 'where it might have been brought', as used in § 1404 (a), is to authorize the transfer of a civil action to the district court of any judicial district having jurisdiction over the subject matter and proper venue, provided the transfer is found to be for the convenience of parties and witnesses and in the interest of justice." In ref-

erence to the Shapiro and Foster-Milburn cases, holding that a transfer cannot be granted to a district in which defendants were not 'amenable to service of process, the court says, at page 185: "These decisions have been criticized, we think justly, in a Note, Curtailing the Scope of 1404(a)—Round Two, 60 Yale L.J. 183 (1951)."

In the present action the federal court for the District of Connecticut has jurisdiction of the subject matter under 28 U.S.C.A. § 1332(a) (1) and venue in that district would be proper, since it is the district in which plaintiff resides, 28 U.S.C.A. § 1391(a). In the light of the language of the Josephson case, it must be held that the district to which transfer is requested is one in which the action might have been brought, and hence one to which this court has power to make the transfer.

Plaintiff's motion is allowed and an order will be entered transferring this action to the United States District Court for the District of Connecticut.