**William MITCHELL, Sr., Administrator of the Estate of William Mitchell, deceased,**

v.

**Henry GUNDLACH, T/A Seaboard Asphalt Products Co.**

**No. 8100.**

United States District Court
D. Maryland, Civil Division.
Nov. 30, 1955.

Louis Ginsberg, Samuel Levine, Washington, D. C., for plaintiff.

Paul F. Due, Eldridge Hood Young, Baltimore, Md., for defendant.

CHESNUT, District Judge.

The presently more important question in this case is whether the court can and should transfer the case to the District of Columbia under section 1404(a) of title 28 of the Revised Judicial Code of 1948, which reads as follows:

"Change of venue: (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought.*" (Italics supplied.)

The plaintiff is a resident of the District of Columbia and sues as administrator of the estate of William Mitchell, who was also a resident of the District of Columbia. The defendant is a citizen of the State of Maryland resident in Baltimore City. The ground of the action is based on the alleged wrongful death of the decedent said to have occurred on or about March 7, 1954 consequent upon injuries sustained by him on March 3, 1954 while engaged in the process of laying floors, when a quantity of mastic primer exploded or took fire and severely burned the decedent. It is further al-

leged that the defendant in Baltimore manufactured and sold the mastic primer in drums to a retail dealer or distributor in Washington from whom the decedent's employer bought the mastic primer. It is further alleged that the defendant was negligent in the manufacture and sale of the article because he did not attach to the drums or containers in which it was sold a warning of its dangerous nature. The suit is grounded on the District of Columbia statute providing for survival of actions by or against administrators, D.C.Code 1951, § 12–101 et seq., in combination with the wrongful death statute of the District of Columbia, D.C.Code 1951, § 16–1201. Suit was instituted in this court on March 2, 1955 and the defendant promptly appeared and filed answer to the complaint. On November 1, 1955 the *plaintiff* filed a motion to transfer the case to the District of Columbia and the defendant has filed written opposition thereto.

The question to be decided is whether the court has the power to transfer the case in view of the above italicized clause in section 1404(a), and the absence of any showing by the plaintiff that the defendant could be subjected to personal service in the District of Columbia. In my opinion the court does not have the power to make the transfer in this case. I will, as briefly as possible, state the reasons for this conclusion.

Section 1404(a) first appeared in the Revision of the Judicial Code of 1948. It was a remedial improvement of the well-known judicial doctrine of forum non conveniens. That judicial principle in its primary application related to the discretionary power of the court to decline the exercise of jurisdiction which it otherwise had where the controversy was between non-residents and the circumstances of the case showed that the controversy could more conveniently be adjudicated in another jurisdiction. The principle involved had been brought to prominent attention shortly before the Revision of the Judicial Code in several opinions of the Supreme Court, particularly Baltimore & Ohio R. Co. v. Kepner,

1941, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28; Gulf Oil Corp v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Koster v. (American) Lumbermans Mutual Casualty Co., 1947, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067; and United States v. National City Lines, 1948, 334 U.S. 573, 68 S.Ct. 1169, 92 L.Ed. 1584. While legislative consideration of the proposed revision of the Judicial Code was under consideration, Prof. Moore, a special consultant to the revisioning staff, proposed that as an improvement of the common law doctrine of forum non conveniens, it would be better to have a statutory enactment authorizing a transfer of a case instituted in one district to another district in which it could more conveniently be tried. See Moore's Commentary on the United States Judicial Code, p. 206, s. 0.03(29) relating to section 1404(a). This suggestion in principle was adopted and enacted by Congress on the conditions stated in the section. It constitutes a remedial improvement in procedure over the application of forum non conveniens in that the result of the application of the latter was simply to dismiss the case leaving the plaintiff to originate a new suit elsewhere in an appropriate jurisdiction, with, of course, the undesirable incidence of accumulated costs and possibilities of accrual of period of limitations. These latter disadvantages are obviated where the suit can simply be transferred to another proper jurisdiction. See Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 1949, 177 F.2d 360.

Where one of the parties moves for a transfer of the case it is clear from the wording of the section that the first question is whether, under the circumstances of the case as presented to the court, there is the power to make the transfer; and secondly, if so, whether under the circumstances of the case a transfer if made will be for the convenience of the parties and witnesses and in the interests of justice. As to the question of power, it is apparent from the wording of the last clause of the statute that a transfer cannot be made to *any other* dis-

trict but only to a district "where it might have been brought." The precise question here is, what was the intention of Congress in enacting this condition with respect to the desired change of venue.

This question is not a new one. The very great weight of federal authority in judicial decisions since 1948 is that the power to transfer to another jurisdiction is limited to a federal district where the case might have been brought originally. This question was considered at length and expressly decided by the Second Circuit in 1950 in the case of Foster-Milburn Co. v. Knight, 181 F.2d 949. The circumstances with respect to the residence and citizenship of the parties there was precisely similar to that in the instant case. The opinion was the unanimous opinion of a court of very able and experienced federal Circuit Judges consisting of Chief Judge Learned Hand, and Judges Swan and Chase. The decision in effect reversed a contrary view by the district judge and a reading of the case will show that the opinion, written by Chief Judge Learned Hand, was based on the lack of power to make the transfer to California where the defendant in the case, a citizen of New York, could not be subjected to personal service in California.

The same conclusion in another fully considered opinion was reached by the Ninth Circuit in Shapiro v. Bonanza Hotel Co., 185 F.2d 777. Both these appellate decisions were rendered in 1950. They are so fully considered from all aspects of the question and are so persuasive and convincing that I have no diffi-

culty in following them although there seems to be no express decision precisely on the point by the Court of Appeals of this Fourth Circuit.

In addition the same conclusion has been reached by nearly all the district courts which have considered the question since 1948. Indeed I have been able to find only two district court opinions to the contrary. One was in the District Court of Iowa, Otto v. Hirl, 1950, 89 F. Supp. 72 which, however, was not followed by the same district court in 1951 where the contrary opinion was based on the decision of the Second Circuit case just referred to.[1] Herzog v. Central Steel Tube Co., D.C., 98 F.Supp. 607.

The clause in the section reading "where it might have been brought" is clearly a limitation on the district to which the transfer can be made. I think it could not have been within the contemplation of Congress that the suit could be transferred to a district where it could not have been effectively brought. Literally a suit can be filed by a plaintiff in any district but, of course, if it is not brought in the proper venue it must be dismissed for want of jurisdiction or, by 28 U.S.C.A. § 1406, it might now be transferred to the district having proper venue. Where there is no jurisdiction of the subject matter under federal constitutional or statutory law, there must be a general jurisdiction based on diversity of citizenship, and under the federal statutes where so based it may be brought only in the district in which all the plaintiffs or all the defendants are resident. 28 U.S. C.A. § 1391(a). In other words, there

1. A similar conclusion has been reached by district judges in the Districts of—S.D. N.Y.; W.D.Mo.; Del.; E.D.Wis.; E.D. Ark.; S.D.Tex. and the District of Columbia.

See Cinema Amusements v. Loew's, Inc., D.C.Del.1949, 85 F.Supp. 319; Hampton Theatres v. Paramount Film Dis. Corp., D.C.D.C.1950, 90 F.Supp. 645; Anthony v. RKO Radio Pictures, D.C.S.D.N.Y.1951, 103 F.Supp. 56; United States v. Reid, D.C.E.D.Ark.1952, 104 F.Supp. 260; Rogers v. Halford, D.C.E.D.Wis.1952, 107 F.Supp. 295; Berk v. Willys-Overland Motors, D.C. Del.1952, 107 F.Supp. 643; Silbert v. Nu-Car Carriers, D.C.S.D.N.Y.1953, 111 F.Supp. 357; Dufek v. Roux Distributing Co., D.C.S.D.N.Y.1954, 125 F.Supp. 716; Griffin v. Connally, D.C.S.D.Tex. 1955, 127 F.Supp. 203; General Elec. Co. v. Central Transit Warehouse Co., D.C.W.D.Mo.1955, 127 F.Supp. 817; Drapkin v. Keene, D.C.S.D.N.Y.1955, 128 F.Supp. 182.

must be both general jurisdiction and special venue jurisdiction dependent upon the residence or citizenship of the parties. See Moore's Commentary on U.S. Judicial Code, pp. 200–11. Nor can the action be effectively brought in another district even though there is special venue jurisdiction unless the defendant can be subject in that district to personal service of summons to answer the suit which can be made on the defendant only where he is personally served with summons from the court where the suit is pending, and this can be accomplished only where there is authority in the court to issue the summons to be served. Therefore the condition in the clause of 1404(a) referred to requires that the court to which the case may be transferred must be one in which the court would have had both venue jurisdiction and authority to issue summons to the defendant to subject him to the jurisdiction of the court over his person. We are dealing here with a simple case where the suit is brought in this district in accordance with the requirements of the venue statute because the only defendant is a citizen of Maryland. The case therefore does not involve the more complex circumstances which may arise in suits under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, or the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., containing special venue provisions. The point here made is well stated in the opinion of Circuit Judge Bone in the 9th Circuit case above referred to, 185 F.2d 777, 780:

> "Prior to the adoption of Sec. 1404(a) the Supreme Court [7] significantly stated that the doctrine of the forum non conveniens 'presupposes at least two forums in which the defendant is amenable to process'. We are persuaded that Congress did not intend, by the use of the one word 'brought,' to change this rule. We adhere to the view that use of the word 'brought' presupposes jurisdiction over the defendant which

is to be obtained only by and through conformance with the requirements of Rule 4(f)."

In considering the effect of the clause in question I think it is important to bear in mind the very long history of federal procedural law to the effect that a defendant in a civil action could not be, without his consent, subjected to personal process except when sued in the district where he resided. This was first stated by section 11 of the original Judiciary Act of 1789, 1 Stat. 79, which provided—

> "And no civil suit shall be brought before either of said courts against an inhabitant of the United States, by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ, * * *."

And this provision in substance has been maintained through the whole history of federal procedure in civil suits (other than cases of special statutory provision as to venue such as the Anti-Trust and Federal Employers' Liability Acts) until it was repealed by the enactment of the Revised Judicial Code in 1948, because in the meantime it had been in effect substantially provided for in rule 4(f), Federal Rules of Civil Procedure, 28 U.S.C. A., which reads—

> 4(f) "Territorial Limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state."

The privilege of a defendant to insist on his right to be sued only in the State of his residence in the ordinary form of transitory action, such as in the instant case, has been regarded throughout our federal procedural history as a matter of great importance to a defendant. I think it could not have been within the

---

7.   Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 842, 91 L.Ed. 1055.

contemplation of Congress that this substantial right could be nullified by the plaintiff bringing his suit in the residence of the defendant and then succeeding on the plaintiff's motion to have the case transferred to the plaintiff's residence where the defendant could not originally have been sued unless by chance he happened to be personally there. The immunity of the defendant from suit in a foreign jurisdiction, in the ordinary transitory action, has been so firmly imbedded in the history of federal procedure that I have always supposed from the earliest consideration of section 1404(a) that it was within the contemplation of Congress that it should be a limition of the place (the district ad quem) to which the suit could be transferred.

This thought is so well expressed by Judge Learned Hand in the Second Circuit case referred to that I quote therefrom, 181 F.2d at page 952:

"It is horn book law that transitory actions must begin with personal service upon the defendant and that, when they do not, the judgment is a nullity. It is of course true that Congress might make the process of a district court run throughout the Union, as indeed it has done in suits by the United States under the Anti-Trust Acts. But, unless otherwise specifically provided, the initial process in a transitory action has always been limited territorially; and Rule 4(f) now confines it to the boundaries of the state in which the action is pending. If, however, the plaintiff be right, § 1404(a) has made it possible in 'diversity' cases for a plaintiff to dispense with service upon the defendant in the district where the case is to be tried; for by serving him in an action in the defendant's own district, the plaintiff may fetch him 2,000 to 3,000 miles away for trial in a district where he does not live and where he has never set foot. Considering that, this is contrary to the substantially uniform practice of Congress, and we ought to demand a plain expression of intent to so revolutionary a change. Not only is there no such expression, but analysis of the results of such an interpretation make it to the last degree improbable that this could have been the purpose."

The view of the 5th Circuit with respect to the proper construction and application of 1404(a) seems to be in accord with that of the 2nd and 9th Circuits. See Blackmar v. Guerre, 1951, 190 F.2d 427, at page 429. With respect to the long history in federal procedure of immunity of the defendant from suit except in the district of his residence (or where he may be found in the district where the suit is brought) I recently discussed this more fully in the case in this court entitled Holbrook v. Cafiero, 18 F. R.D. 218.

The only appellate opinion which has taken a contrary view of 1404(a) is In re Josephson, 1 Cir., 1954, 218 F.2d 174. The opinion there expressed was that the 2nd and 9th Circuits had taken a too restricted view of the scope of the power of transfer when they decided that the case should not be transferred to a district in which the defendant could not have been subjected to personal process. In that respect it was said that those decisions had been justly criticized in a case note appearing in 60 Yale L.J. 183 (1951). While the opinion seems to clearly express disagreement with the 2nd and 9th Circuits on the question of power to transfer, it is to be noted that the case on the facts before the court presented very unusual incidents and a situation far more complicated than the comparatively simple one in the instant case, and certainly made a very much stronger case for the exercise of the power to transfer if it existed than in the case here. The District Judge had ordered the transfer to be made and in his opinion, reported in Josephson v. McGuire, 121 F.Supp. 83, at page 84, it was said in part—

"All parties *concede* that the Court has power and all are agreed

as to the corpus of principles properly applicable to the exercise of discretion." (Italics supplied.)

In the Josephson case the plaintiff, a non-resident of Massachusetts, brought suit in the district court of Massachusetts to recover on a stockholder's derivative action growing out of alleged wrongful activities of three directors of a New Mexico corporation. The defendants in the suit were (1) the New Mexico corporation and (2) the three individual directors of the corporation. The defendants were served with process in Massachusetts and it was they who filed the motion to have the case transferred to the District Court of New Mexico. While the individual defendants were residents of Massachusetts and could not have been subjected to personal service in New Mexico, they voluntarily agreed to waive any objections to the jurisdiction and offered to appear in the suit when so transferred to New Mexico. The New Mexico corporation itself was, of course, subject to suit in New Mexico. The plaintiff opposed the transfer and when it was granted by the District Judge he applied to the Court of Appeals for mandamus to direct the District Judge not to transfer the case. While the issuance of the writ was refused the opinion discussed at considerable length the legal merits of the question as presented.

It is to be noted that the defendant corporation was subject to personal service in New Mexico and particularly also that the individual defendants expressly consented to be sued there. It is also to be noted, as was pointed out in the opinion, that the venue of a stockholder's derivative action is provided for by 28 U.S.C.A. § 1401—

"Stockholder's derivative action. Any civil action by a stockholder on behalf of his corporation may be prosecuted in any judicial district where the corporation might have sued the same defendants."

Of course the New Mexico corporation could not have effectively sued the individual defendants in New Mexico unless they had voluntarily appeared and waived their immunity from service there; but this they in fact did do in the particular case. These unusual circumstances in the Josephson case give some plausibility to the contention of counsel for the defendant in the instant case that on its facts it should be regarded as really influenced or controlled by the principle of waiver by the defendants. But however that may be, I note that subsequent to the decision by the 1st Circuit in the Josephson case a district judge in Massachusetts has applied the decision to the simple circumstances of another case similar to the instant case. Troy v. Poorvu, D.C.1955, 132 F.Supp. 864. I note that the author of the case comment in the Yale Law Journal concludes with the expression of view that the wording of section 1404(a) should be amended by Congress to give a more flexible exercise of discretion with respect to the transfer of the case to other districts. Cf. an article written by District Judge Kaufman of the Southern District of New York on Section 1404(a) in 10 F.R.D. 595.

██ I am entirely in accord with the view that the power of transfer under 1404(a) is to be liberally and, where possible, broadly exercised in the interests of justice to meet various problems which frequently arise with respect to federal general and venue jurisdiction; but in view of the very long history of federal procedure, which I have above noted, I have concluded that the opinions of the 2nd and 9th Circuits (and apparently also the 5th Circuit) and the great weight of opinion in the district courts should be applied to the instant case. We are not dealing here with the more complicated situation which may arise when there are numerous defendants, some of whom could be effectively sued in another district and where some who could not be so sued expressed their willingness to waive their personal immunity from suit in the other district; nor are we concerned with the case of a corporate defendant or indeed an individual defendant who is doing business in the other district and therefore might be

subject to personal service therein. Here we have a perfectly simple situation in which the one individual defendant, a citizen of Maryland, could not be effectively served in the District of Columbia, and does not consent to be there sued but relies on his immunity from suit thereon, and opposes the motion to transfer which, in this case, is made by the plaintiff who sued in Maryland because he could not obtain service on the defendant in the District of Columbia.

As I have determined that 1404(a) does not authorize the transfer in this case, it is perhaps unnecessary to discuss the other question, whether, if the power exists, it should be exercised as a matter of discretion. However, as it has been fully discussed by counsel for the parties, it may be helpful to express my views upon that alternative position. The facts here appearing, principally from the pleadings in the case, seem to show that it would be to the considerable convenience of the *plaintiff* to have the transfer made. The injuries and subsequent death of the plaintiff's decedent occurred in the District of Columbia. The suit is based upon the statutes of the District which vary somewhat from the Maryland statutes, Code 1951, art. 67, § 1 et seq.; art. 75, § 29 et seq., upon the same subject, and the majority of the witnesses whom the plaintiff proposes to call are resident in the District. The plaintiff also desires to have the transfer made so that the case if so transferred can be consolidated with another suit there pending by the plaintiff against a resident of the District of Columbia from whom the decedent's employer bought the mastic primer which, it is alleged, caught fire and injured the decedent. There are, however, opposing considerations affecting the transfer. It is not alleged that the defendant personally was in any way an actual participant with respect to the accident which occurred. The sole ground of possible liability alleged against him is the failure to place a warning notice of some kind on the article manufactured by him. The primary question of liability in the case, therefore, seems to relate to the nature and characteristics of the article sold. With respect to this, the witnesses would naturally be those identified with the manufacture of the product in Baltimore and the nature and characteristics of the subject matter, all of whom would presumably be more readily available in Baltimore than in Washington. Then again, from the standpoint of possible inconvenience to the plaintiff it is to be remembered that Baltimore is only 40 miles from Washington, less than an hour by train and not much more by automobile travel. The probable expense is therefore a comparatively minor item in this case. Even of more importance in my view is the fact that the defendant is a resident of Baltimore and could not originally be subjected to personal service in a district other than the State of which he is a citizen. And it is the plaintiff here who, for his own convenience, is asking the transfer of the case against the opposition of and contrary to the convenience of the defendant. In the absence of any greatly preponderant reason for the exercise of discretion to make the transfer, it is my view that the interests of justice in the particular case do not require it to be made and for that reason also I conclude that it should not be made.

The remaining question to be considered is whether the plaintiff's motion to amend the complaint should be allowed. In the original complaint the damages claimed were in the amount of $46,500. While the phraseology of the proposed amendment is somewhat different from that in the original complaint, I understand from the arguments of counsel that the purpose of the amendment is merely to increase the damages claimed to about $71,500. There is some difference of opinion expressed by counsel as to what items are properly to be included in the suit as a result of a combination in one complaint by an administrator, of his claims for injuries sustained and loss of potential earning capacity by the decedent on the one hand, and on the other hand, the proper claims of the administrator for the benefit of

the decedent's entitled dependents. See Hudson v. Lazarus, D.C.Cir., 1954, 217 F.2d 344. It is nevertheless seemingly agreed that the proper allocation or distribution of such claims, if the plaintiff is entitled to recover, should be determined by the rulings of the court at the trial of the case.

For all these reasons the plaintiff's motion to transfer the case to the District of Columbia is by the court *denied*; and plaintiff's motion to amend the complaint is hereby *allowed*.