**Vanie S. GILPIN, Plaintiff,**

v.

**Ruby WILSON, Defendant.**

**Civ. A. No. 1243–N.**

United States District Court
M. D. Alabama, N. D.

Feb. 12, 1957.

Jack Crenshaw, Montgomery, Ala., for plaintiff.

Rushton, Stakely & Johnston, Montgomery, Ala., for defendant.

JOHNSON, District Judge.

The plaintiff's motion to transfer the above-entitled action from the United States District Court for the Middle District of Alabama to the United States District Court for the Eastern District of Tennessee, pursuant to § 1404(a) of the Judicial Code, 28 U.S.C.A. § 1404 (a),[1] having been considered by the Court upon the pleadings, affidavits, and briefs of counsel, it is on this the 12th day of February, 1957,

Ordered that the plaintiff's said motion be and the same is hereby overruled and denied.

The Court, in denying plaintiff's motion for transfer, is not unmindful of the circumstances of the case indicating the desirability of transferring the cause to the Tennessee court for the convenience of most of the parties. These circumstances as enumerated in the affidavit accompanying plaintiff's motion reveal that the district to which transfer is sought is the jurisdiction wherein the plaintiff and all of her expectant witnesses reside including the investigating police officer, an eyewitness to the accident, and all of the doctors and nurses who have treated the plaintiff; that the plaintiff, a woman seventy-two years of age, is still suffering from the effects of the accident made the basis of this suit; and that a trial of the cause in this district would be a burden upon her. In addition to the above factors of convenience, the Court takes judicial notice of the fact that since this accident occurred in Chattanooga, Tennessee, the laws and ordinances of that state and city are applicable to the determination of this cause.

The first determination of the Court, however, is not the measure of convenience of the parties but whether the Court has power to grant the requested transfer. As stated by the Court in Mitchell v. Gundlach, D.C.Md., 136 F. Supp. 169, it is clear from the wording of § 1404(a) that where one of the parties moves for a transfer of the cause the first question to be determined is whether, under the circumstances of the case, there is the power to make the transfer, and, secondly, if so, whether under the circumstances of the case a transfer if granted would be for the convenience of the parties and witnesses and in the interest of justice.

In regard to this Court's power to grant plaintiff's motion, it is noted that, while the plaintiff is a resident of the Southern Division of the Eastern District of Tennessee, the defendant at the time of filing of this cause was, and still is, a resident of the Middle District of Alabama, and is not amenable to the service of process in Tennessee. Rule 4(f), Federal Rules of Civil Procedure, 28 U.S. C.A.

The question therefore presented on plaintiff's motion is whether this Court has the power to transfer this cause to a district wherein the defendant is not amenable to service. In other words, is the Southern Division for the Eastern District of Tennessee a district wherein this cause "might have been brought" within the meaning of § 1404 (a)?

The Court, while recognizing the divergence of authority on this question, is persuaded that a district wherein the action "might have been brought" infers that the transferee district must be not

---

1. "§ 1404. Change of venue. (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought.*" (Emphasis added.).

only a district wherein venue lies and a complaint may be filed, as indeed one may file a complaint at will, but the transferee district must also be one in which the action might have been legally maintained and service of process effected upon the defendant. This view comprises the weight of authority and is represented by well-reasoned decisions from both the Second and Ninth Circuits. The leading decisions are Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949, and Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777. These cases have been cited and followed in Herzog v. Central Steel Tube Co., D.C.Iowa 1951, 98 F.Supp. 607; United States v. Reid, D.C.Ark.1952, 104 F.Supp. 260; Rogers v. Halford, D.C. Wis.1952, 107 F.Supp. 295; Mitchell v. Gundlach, D.C.Md.1955, 136 F.Supp. 169; and have been cited by the Fifth Circuit in Blackmar v. Guerre, 190 F.2d 427, 429; although not a case directly in point, the court said:

> "Transfer under those sections [1404(a) and 1406(a)] is limited to districts where the suit could be originally brought. Putnam v. Ickes, 64 App.D.C. 339, 78 F.2d 223. Compare Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949; Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777."

The decision by Judge Learned Hand in the Foster-Milburn decision [181 F.2d 952], which was the first in point of time, is quoted from below:

> "It is horn book law that transitory actions must begin with personal service upon the defendant and that, when they do not, the judgment is a nullity. It is of course true that Congress might make the process of a district court run throughout the Union, as indeed it has done in suits by the United States under the Anti-Trust Acts. But, unless otherwise specifically provided, the initial process in a transitory action has always been limited territorially; and Rule 4(f) now confines it to the boundaries of the state in which the action is pending. If, however, the plaintiff be right, § 1404(a) has made it possible in 'diversity' cases for a plaintiff to dispense with service upon the defendant in the district where the case is to be tried; for by serving him in an action in the defendant's own district, the plaintiff may fetch him 2,000 to 3,000 miles away for trial in a district where he does not live and where he has never set foot. Considering that, this is contrary to the substantially uniform practice of Congress, and we ought to demand a plain expression of intent to so revolutionary a change. Not only is there no such expression, but analysis of the results of such an interpretation make it to the last degree improbable that this could have been the purpose."

The authority to the contrary exemplifying the view that section 1404(a) does not require that the transferee district be a jurisdiction wherein the defendant is amenable to service of process is found In re Josephson, 1 Cir., 1954, 218 F.2d 174, principally relied upon by plaintiff; Troy v. Poorvu, D.C.Mass.1955, 132 F. Supp. 864; and Otto v. Hirl, D.C.1950, 89 F.Supp. 72. The Otto decision was reversed by the district court which decided it in Herzog v. Central Steel Tube Co., supra.

The Josephson decision was discussed by the court in Mitchell v. Gundlach, supra, which is the most recent decision in point, and it was noted by the court that the defendants in the Josephson case expressly consented to their being sued in the transferee district and that the decision was controlled by the principle of waiver.

> "It is to be noted that the defendant corporation was subject to personal service in New Mexico and particularly also that the individual defendants expressly consented to be sued there. It is also to be noted, as was pointed out in the opinion, that the venue of a stockholder's derivative action is provided for by 28 U.S.C.A. § 1401—* * *

"* * * on its facts it should be regarded as really influenced or controlled by the principle of waiver by the defendants." [136 F.Supp. 175]

The Josephson decision was followed in Troy v. Poorvu, D.C.Mass.1955, 132 F. Supp. 864, 866. The district court was obviously compelled by the pronouncement of its circuit court and after quoting from that decision said:

"In the light of the language of the Josephson case, it must be held that the district to which transfer is requested is one in which the action might have been brought and hence one to which this court has power to make the transfer."

The Court is further persuaded that the decisions of the Second and Ninth Circuits constituting the majority view should be followed in interpreting § 1404 (a) in view of the Supreme Court's pronouncement of congressional intention to limit the service of process territorially. Robertson v. Railroad Labor Board, 268 U.S. 619, 627, 45 S.Ct. 621, 69 L.Ed. 1119. It is often suggested that the question where an action may be brought has reference not to where the defendant may be served, but only to where venue lies. This argument was advanced in the early case of Otto v. Hirl, supra, by the Yale Law Journal, 60 Yale L.J. 183, and has been advanced by plaintiff in brief of counsel here. The two concepts of venue and personal jurisdiction are, however, so interrelated and so strong is the congressional policy for limiting process territorially that it seems unlikely that the intention of Congress in passing § 1404(a) was to weaken process requirements while preserving those of venue. See Limitations on the Transfer of Actions under the Judicial Code, 64 Harvard L.Rev. 1347.

The Court is not impressed with counsel's conclusion that the decisions reached in Foster-Milburn Co. v. Knight, Shapiro v. Bonanza Hotel Co., and Mitchell v. Gundlach, were reached by "process of judicial legislation". These decisions are well reasoned and are based upon sound interpretation of the statute. The cry, "judicial legislation", is becoming an all too familiar argument when the law is contrary to what litigants would have it be.

Plantiff's motion for transfer must therefore be denied.