David R. RAGSDALE, Plaintiff

v.

Ray N. PRICE et al., Defendants.

Civ. A. No. 2568.

United States District Court
M. D. Tennessee,
Nashville Division.
July 25, 1960.

William Waller, Jr., and James C. Kirby, Jr., of Waller, Davis & Lansden, Nashville, Tenn., and Jack L. Burnam, San Francisco, Cal., for plaintiff.

Ward Hudgins and Richard H. Frank, Jr., of Barksdale & Hudgins, Nashville, Tenn., for defendant.

WILLIAM E. MILLER, District Judge.

Plaintiff has moved for an order transferring this case to the United States District Court for the Northern District of California pursuant to the provisions of 28 U.S.C.A. § 1404(a):

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The action was brought by plaintiff, a resident of the Northern District of California, against the defendant, a resident of the Middle District of Tennessee, to recover damages for personal injuries sustained by plaintiff in the Northern District of California as the result of the alleged negligence of the defendant. Federal jurisdiction being founded upon diversity of citizenship, the requirements of venue could have been satisfied in either district.[1] However, since the defendant could not be served with process in California, plaintiff instituted the action in this district, and having obtained personal service upon the defendant, he now seeks to have the case transferred to the Northern District of California for trial. The defendant opposes the proposed transfer and insists that since he was not present in the Northern District of California when the action was brought and could, therefore, not be served with process therein, that district is not one where the action "might have been brought," within the meaning of Section 1404(a).

Since the California District on the facts presented appears to be the more convenient forum, the question presented is whether a district having jurisdiction of the subject matter and statutory venue but in which the defendant is not amenable to process is, within the meaning of the statute, a district where the action "might have been brought."

Many courts and some text writers take the view that Section 1404(a) is clear and that "its words should be considered for what they say." (See e. g., All States Freight, Inc. v. Modarelli, 3 Cir., 1952, 196 F.2d 1010, 1011). But even the most cursory survey of reported decisions would readily disclose a decided conflict in the views of courts which

---

1. Section 1391. "Venue generally
   "(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside." 28 U.S.C.A. § 1391 (a).

have had occasion to construe and apply Section 1404(a), and particularly with respect to the words "where it might have been brought." Many of these conflicting decisions are cited and discussed in a recent decision of the Supreme Court, speaking through Mr. Justice Whittaker, and in a dissenting opinion by Mr. Justice Frankfurter, in the companion cases of Hoffman v. Blaski (Sullivan v. Behimer). 80 S.Ct. 1084, a decision discussed hereinafter.

It would seem clear from the Reviser's Notes, which were before Congress at the time Section 1404(a) was under consideration, that the section was drafted in recognition of the doctrine forum non conveniens and to give that doctrine, with certain modifications, a statutory effect.[2] That these notes should be regarded as authoritative in interpreting the meaning of the code, including this particular section, is expressly pointed out by the Supreme Court in United States v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226.

■ The doctrine forum non conveniens presupposed at least two forums in which the defendant was amenable to process, Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506, 67 S.Ct. 839, 91 L.Ed. 1055, and under it a district court, finding the doctrine applicable, had no power to transfer but could only dismiss the action without prejudice. The view supported by the Reviser's Notes as well as by a preponderance of judicial opinion is that the primary purpose of Section 1404(a) was to authorize transfer of a civil action for the convenience of the parties and in the interest of justice, where dismissal would have been required under forum non conveniens. In an article entitled "The Judicial Code, 1948 Revision," appearing in 8 F.R.D. 439, the Chief Reviser of the Judicial Code, states:

> "One very important change was made with respect to venue. Section 1404(a) is new. It authorizes a United States District Court 'for the convenience of parties and witnesses,

in the interest of justice' to transfer any civil action to any other district or division 'where it might have been brought.' "

> "Formerly a district court had no such power. If it declined to consider a case on the ground of forum non conveniens it could only dismiss. It could not transfer. This change was called to the attention of Subcommittee No. 1 of the House Committee on the Judiciary at hearings held more than a year before the revised code was enacted into law."

Furthermore, the recent decision of the Supreme Court in Hoffman v. Blaski (Sullivan v. Behimer), supra, begins with this statement [80 S.Ct. 1085]:

> "To relieve against what was apparently thought to be the harshness of dismissal, under the doctrine of forum non conveniens, of an action brought in an inconvenient one of two or more legally available forums. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, and concerned by the reach of Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, Congress, in 1948, enacted 28 U.S.C. § 1404(a) which provides: * * *."

It may be conceded that Congress, in adopting this section, did more than codify the existing law. For example, it granted district courts a broader discretion in the application of the statute than they possessed in applying the doctrine of forum non conveniens. Coffill v. Atlantic Coast Line R. Co., D.C., 180 F.Supp. 105. As stated by the Supreme Court in Norwood v. Kirkpatrick, 1955, 349 U.S. 29, at page 32, 75 S.Ct. 544, at page 546, 99 L.Ed. 789:

> " * * * as a consequence, we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say

2. See "Historical and Revision Notes" following 28 U.S.C.A. § 1404.

that the relevant factors have changed, * * *."

Nevertheless, in application of the statute the courts essentially are performing the same function that they did under the doctrine, and there is no indication that Congress intended to dispense with the pre-existing requirement of amenability to process in the transferee district.

The decided weight of authority supports this view, clearly articulated by Judge Learned Hand in Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949, 951, as follows:

"* * * it is true that the District Court of the Southern District (Northern Division) of California would have jurisdiction over an action brought by the plaintiff against the defendants, provided he served them with process within that state, or, perhaps, that district. Hence, the plaintiff argues, since he could have 'brought' the action in California, Sec. 1404(a) authorized its transfer thither. That would be true, if that section regards the mere filing of a complaint as a bringing of the action; but it is not true, if it presupposes that the defendant can be served. We do not forget that an action is 'commenced' when the complaint is filed; and it would follow, if it is 'brought' whenever it is 'commenced,' that the plaintiff is right. The inference is, however, unwarranted that Rule 3 meant to assimilate the filing of a complaint to the service of a summons. Apparently its primary object was to fix a limit upon the period of limitation; and that has never required the service of process, * * *. We need not say that that is the only office of Rule 3, but we are satisfied that at least it does not make the filing of a complaint the equivalent of 'bringing an action' under Sec. 1404 (a).

"It is horn book law that transitory actions must begin with personal service upon the defendant and that, when they do not, the judgment is a nullity. It is of course true that Congress might make the process of a district court run throughout the Union, as indeed it has done in suits by the United States under the Anti-Trust Acts [15 U.S.C.A., Sec. 25]. But, unless otherwise specifically provided, the initial process in a transitory action has always been limited territorially; and Rule 4(f) now confines it to the boundaries of the state in which the action is pending. If, however, the plaintiff be right, § 1404(a) has made it possible in 'diversity' cases for a plaintiff to dispense with service upon the defendant in the district where the case is to be tried; for by serving him in an action in the defendant's own district, the plaintiff may fetch him 2,000 to 3,000 miles away for trial in a district where he does not live and where he has never set foot. Considering that, this is contrary to the substantially uniform practice of Congress, and we ought to demand a plain expression of intent to so revolutionary a change. Not only is there no such expression, but analysis of the results of such an interpretation make it to the last degree improbable that this could have been the purpose.

* * * * * *

"While there is as yet no controlling authority upon the point, what there is accords with our conclusion. The revisors say that Sec. 1404(a) 'was drafted in accordance with the doctrine of forum non conveniens,' and that doctrine always 'presupposes at least two forums in which the defendant is amenable to process.' The same conclusion was expressed obiter in Christopher v. American News Co. [7 Cir., 176 F.2d 11], and Judge Rodney so decided in Tivoli Realty Insurance Co. v. Paramount Pictures, D.C. [Del.] 89 F.Supp. 278."

The Court of Appeals for the Ninth Circuit considered the question in Sha-

piro v. Bonanza Hotel Co., Inc., 185 F.2d 777, 780. In that case, the plaintiff, a citizen of California, brought suit against the defendant, a Nevada corporation, in the Federal Court in Nevada and thereafter moved for a transfer of the case to his own district in California. The District Court refused to order the transfer, and plaintiff appealed. In approving the action of the District Court, the Court of Appeals said:

"Prior to the adoption of Sec. 1404(a), the Supreme Court [citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055] significantly stated that the doctrine of *forum non conveniens* 'presupposes at least two forums in which the defendant is amenable to process.' We are persuaded that Congress did not intend, by the use of the one word 'brought', to change this rule. We adhere to the view that use of the word 'brought' presupposes jurisdiction over the defendant which is to be obtained only by and through conformance with the requirements of Rule 4(f).

\* \* \* \* \* \*

"We agree with the foregoing interpretation placed upon Section 1404(a) by the Second Circuit [Foster-Milburn Co. et al. v. Knight, supra]."

The question has apparently not been considered by the Courts of Appeals for the Third, Fourth, Fifth, Sixth, Seventh and Eighth Circuits. However, the district courts in those circuits have applied the rule as enunciated by the Second and Ninth Circuits in Foster-Milburn Co. et al. v. Knight and Shapiro v. Bonanza Hotel Co., and have explicitly held that the statute does not authorize transfer, over defendant's objection, to a district in which the defendant is not amenable to process. Tivoli Realty v. Paramount Pictures, D.C.Del.1950, 89 F.Supp. 278, 279; Berk v. Willys-Overland Motors, D.C.Del. 1952, 107 F.Supp. 643; Host v. American Road Equipment Co., D.C.Del.1960, 183 F.Supp. 161; Mitchell v. Gundlach, D.C. Md.1955, 136 F.Supp. 169; Griffin v. Connally, D.C.Tex.1955, 127 F.Supp. 203; Gilpin v. Wilson, D.C.Ala.1957, 148 F. Supp. 493; Barnhart v. John B. Rogers Producing Co., D.C.Ohio 1949, 86 F.Supp. 595; Rogers v. Halford, D.C.Wis.1952, 107 F.Supp. 295; Kostamo v. Brorby, D.C.Neb.1951, 95 F.Supp. 806; Herzog v. Central Steel Tube Co., D.C.Iowa 1951, 98 F.Supp. 607; United States v. Reid, D.C.Ark.1952, 104 F.Supp. 260.

The only appellate decision which has taken a contrary view of Section 1404(a), and the one upon which plaintiff primarily relies, is In re Josephson, 1 Cir., 1954, 218 F.2d 174, approving transfer upon defendants' motion and agreement to enter their appearance in a district where none of the individual defendants was amenable to process. This decision was discussed in Mitchell v. Gundlach, supra. It was there noted by the court that the defendants in the Josephson case expressly consented to their being sued in the transferee district and that the decision was controlled by the principle of waiver. In the Mitchell case, the Court stated:

" \* \* \* on its facts it [the Josephson opinion] should be regarded as really influenced or controlled by the principle of waiver by the defendants." 136 F.Supp. 174, 175.

"It is to be noted that the defendant corporation was subject to personal service in New Mexico and particularly also that the individual defendants expressly consented to be sued there. It is also to be noted, as was pointed out in the opinion, that the venue of a stockholder's derivative action is provided for by 28 U.S.C.A., Sec. 1401 \* \* \*." 136 F.Supp. 175.

The Josephson opinion goes further, obiter, and gives its approval to "cases like Paramount Pictures, Inc. v. Rodney, 3 Cir., 1951, 186 F.2d 111, certiorari denied 1951, 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687, and Anthony v. Kaufman, 2 Cir., 1951, 193 F.2d 85, certiorari denied 1952, 342 U.S. 955, 72 S.Ct. 629, 96 L.Ed. 710, which take the view that Section 1404(a) also authorizes transfer to a district not having statutory venue, pro-

vided that the defendants, who might object to lack of venue, choose to waive the lack." [218 F.2d 184.]

This construction of Section 1404(a) was expressly rejected by the Supreme Court in its recent decision in Hoffman v. Blaski (Sullivan v. Behimer), supra, in which the defendants sought transfers to districts in which neither venue nor process requirements could have been satisfied. The defendants' argument was that when they consented to submit to the jurisdiction of the transferee districts, such requirements as to venue and process were waived and that the transferee districts at the time the motions to transfer were filed then became districts in which the actions "might have been brought." While the Supreme Court in rejecting this thesis and in denying the right of transfer under Section 1404(a) appears to have been concerned primarily with the lack of statutory venue in the transferee districts, the rationale of the majority opinion and the broad principles enunciated would appear to apply equally where the transferee district is one in which statutory venue existed at the time the action was originally instituted but where the defendant was not amenable to service of process—the situation presented in the instant case. Thus the Supreme Court in deciding the case stated categorically:

"We agree with the Seventh Circuit that:

"'If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of the defendant, it is a district 'where [the action] might have been brought.' If he does not have that right, independently of the wishes of defendant it is not a district 'where it might have been brought,' and it is immaterial that the defendant subsequently [makes himself subject, by consent, waiver of venue and personal jurisdiction defenses or otherwise, to the jurisdiction of some other forum].'"

Upon principle, no distinction is perceived between the requirements of venue and personal service of process insofar as the present problem is concerned. Both requirements, while having somewhat different purposes, have consistently been regarded as privileges personal to the defendant which may be waived either expressly or by conduct. In either case, unless the requirement is waived, an action although instituted in a court having jurisdiction of the subject matter, cannot be effectually prosecuted and must be dismissed by the court upon timely application of the defendant. It is, therefore, probable that the decision of the Supreme Court in Hoffman and Sullivan will be interpreted as in effect disposing of the present question, a view apparently entertained by Mr. Justice Frankfurter in his dissenting opinion in which he commented upon the opinion of the majority in the following words:

"*And by making transfer turn on whether the defendant could have been served with process in the transferee district on the day the action was brought, the Court's view may create difficult problems in ascertaining that fact, especially in the case of non-corporate defendants.*" (Emphasis added.)

\* \* \* \* \* \*

"\* \* \* *to restrict transfer as the Court does to those very few places where the defendant was originally amenable* to process and could have had no objection to the venue is drastically to restrict the number of situations in which § 1404 (a) may serve the interests of justice." (Emphasis added.)

A basic concept recognized with few exceptions throughout the long history of federal procedural law is that a defendant may not, without his consent, be required to defend a civil action in any district except that of his residence, or in which he is served with process. This was first stated in Section 11 of the original Judiciary Act of 1789, 1 Stat. 79, which provided:

"\* \* \* no person shall be arrested in one district for trial in an-

other, in any civil action \* \* \*. And no civil suit shall be brought \* \* \* against an inhabitant of the United States, by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ."

This provision was not carried forward in the Revised Judicial Code enacted in 1948, because at that time it had been in effect substantially provided for in Rule 4(f). Federal Rules of Civil Procedure, 28 U.S.C.A., which is as follows:

"4(f) Territorial Limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state."[3]

The Court cannot believe, in the face of the legislative history of Section 1404(a), that Congress intended, by use of the one word "brought," to nullify and abolish this fundamental right of a defendant so long embedded in federal jurisprudence. If Congress had so intended, it would have done so in clear and unmistakable language. The Court is in accord with the opinion of Judge Tehan of the Eastern District of Wisconsin, in Rogers et al. v. Halford, 107 F.Supp. 295, 297, in which he states:

"However, we find no indication of any congressional intention that Section 1404(a) be used as a device by which a defendant might be brought before a court which could not otherwise obtain personal jurisdiction over him. Such a construction, it seems to us, would have to be bottomed on a belief that Congress intended to create a side door to the courthouse—a side door incidentally to be reached only by following a long and devious path—in a situa-

tion where it could easily widen the front door if it desired by simply extending the jurisdiction of the court."

The motion to transfer will be overruled. An appropriate order will be submitted by counsel for the Court's approval.

3. For a discussion of the history in federal procedure of immunity of a defendant from suit except in the district of his residence, or where he may be found in the district where suit is brought, see Holbrook v. Cafiero, D.C.Md.1955, 18 F.R.D. 218, 221-223.