## COHEN v. BOULEVARD FROCKS, Inc.

District Court, S. D. New York.
Nov. 23, 1938.

Lawrence S. Timen, of New York City, for plaintiff.

Hays, Wolf, Kaufman & Schwabacher, of New York City (Nathaniel Whitehorn, of New York City, of counsel), for defendant.

CONGER, District Judge.

This is an application by the defendant, a Minnesota corporation, appearing specially, to dismiss the action or in lieu thereof, to vacate the service of process on the grounds of (1) lack of jurisdiction over the defendant, and (2) improper service of defendant.

The motion to quash the service is granted.

From the affidavits submitted, the Court is of the opinion that the defendant is not "doing business within the state [Southern District] in such manner and to such extent as to warrant the inference that it is present there [here]." Philadelphia & R. Ry. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; Davega, Inc. v. Lincoln Furniture Mfg. Co., Inc., 2 Cir., 29 F.2d 164.

Except for one isolated transaction which the Court believes is satisfactorily explained, this defendant's activities did not constitute the maintenance of a regular and established place of business within the jurisdiction of this Court.

Suffice it to say that this question was decided in this District in the case of Elevator Supplies Co. Inc. v. Wagner Mfg. Co., 54 F.2d 937, 938, affirmed 2 Cir., 54 F. 2d 939, in which Judge Bondy stated as follows: "The weight of authority seems to hold that the maintenance of an office by a foreign corporation, however long continued and however well equipped, to be used by its employees in soliciting business and doing things incidental to procuring orders for goods manufactured and sold by such corporation in another jurisdiction, does not constitute the maintenance of a regular and established place of business."

Also the case of Stein v. Standard Oil Co. of California, D.C., 36 F.2d 258, 259, states: "The employment of a stenographer, use of a telephone, and sign on the door of the office, * * * together with other stated business activities, are not sufficient to bring the corporation within the jurisdiction of this court. [See cases cited.] Such matters of detail are insufficient to warrant the inference that respondent has subjected itself to the continuous jurisdiction of this court, and serve to bring its officers or agents within the state for service of process. In the federal courts it has often been decided that maintaining an office within the state does not necessarily constitute doing business therein unless contracts relating to the business transactions are made there. Maintaining an office merely for the solicitation of business by officers or agents, the orders to be executed at the home office, does not amount to having a principal office or regular and established place of business which subjects a corporation to the jurisdiction of this court." Cases cited.

Plaintiff's contention that the action having been validly instituted in the State court, service cannot be quashed here, is unfounded. The Court will not look beyond the case which is now in this Court, in order to defeat the lack of jurisdiction which is the issue now before this Court. Motion to vacate the service is granted.