918

**ELGIN LABORATORIES, Inc., v. UTILITY MFG. CO.**

**No. 196.**

District Court, N. D. Illinois, E. D.

March 9, 1939.

James R. McKnight, of Chicago, Ill., for plaintiff.

Lederer, Livingston, Kahn, Adler & Adsit, of Chicago, Ill., for defendant.

HOLLY, District Judge.

This is an action to restrain unfair trade practices. Plaintiffs are residents of Illinois and of this District. Defendant is a corporation organized under the laws of the State of New York. The summons was served upon one A. A. Aptaker as "District Manager and Agent of said corporation". Defendant has moved to quash the service on the ground that it is not doing business within and, therefore, not subject to service of process in this District.

The action was brought in this court under the provisions of Section 51 of the Judicial Code, U.S.C.A. Title 28, § 112, which provides, "Where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Plaintiffs are residents of this district and may properly, therefore, bring their action in this district. As I understand defendant's motion and their briefs, the only point they make is that defendant was not within the district when the summons was served.

Plaintiff's affidavits show that defendant maintains an office in the City of Chicago, at least there is a room in the Merchandise Mart Building with defendant's name on the door and window, the window bearing the lettering, "Utility Mfg. Co., Inc., New York, Chicago—San Francisco, Cameras, A. A. Aptaker—Dist. Mgr.," within which goods of the defendant are on display, that defendant's name is listed in the general telephone directory and the classified directory; that defendant pays the rent for such office; that there is a display window in the office offering for sale cameras of defendant's manufacture; that upon the door appear the words, "We Have the New Falcon Cameras featured in Life"; that A. A. Aptaker is in charge of such place and is "defendant's chief representative and agent in Chicago, Illinois, for a wide midwestern territory and that said Aptaker's duties include the display, offering for sale and selling Falcon cameras for defendant in Chicago."

Defendant has filed the affidavit of Al. Aptaker who says that he travels through the State of Illinois, Missouri and Ohio and sells merchandise, including cameras,

for defendant; that all orders which he solicits are subject to confirmation at the office of the defendant in New York City, and at no time "has he bound, nor does he hold himself out as having power to bind" the defendant; that he is not an officer of the defendant; that defendant is not licensed to do business in Illinois and all shipments of merchandise of defendant are made from New York City and all payments are made to New York City.

Defendant has also filed two affidavits of Benjamin Helzick, the first filed with the motion to quash, the other after the filing of plaintiff's affidavits. In the first Helzick says that he is treasurer of defendant; that defendant is a New York corporation, having its place of business in New York City and that it does not conduct any manufacturing in the State of Illinois nor maintain any stock of materials in the State of Illinois; that Al. Aptaker who was served with the complaint is not an officer of the corporation, has no power to bind the corporation and has no authority to receive service of summons or other process for the corporation; that Aptaker solicits orders for merchandise for defendant but has no power to bind the corporation and all orders he takes are subject to confirmation and shipment from the offices of defendant in New York and all payments are made to the corporation in New York.

In the second affidavit he reiterates the statements in the first affidavit and says that no sales take place from the office in the Merchandise Mart in Chicago, but that said office is maintained solely for the convenience of Aptaker; that defendant is not licensed to do business in Illinois and does nothing in Illinois other than interstate business which originates from New York City.

The case was submitted on the affidavits.

■ Defendant's transactions in Illinois were interstate in character, but a foreign corporation doing business in a foreign state may be subject to service of process there though its business is wholly interstate. International Harvester Company v. Kentucky, 234 U.S. 579, 587, 34 S.Ct. 944, 58 L.Ed. 1479. Was the defendant actually doing business in Illinois? I am of the opinion that it was. It maintained an office in Illinois and caused its name and its office address to be inserted in both the general and classified telephone directories. It displayed samples of its wares at this office. The sign on the window announced that A. A. Aptaker was its district manager, a position different from that of one merely soliciting orders.

■ The cases cited by counsel in their briefs give little light on the question here. Precedents avail little. Each case must stand on its own facts. Green v. C., B. & Q. R. R., 205 U.S. 530, 27 S.Ct. 595, 51 L. Ed. 916, and the Harvester Company case cited above are the two leading cases in the Supreme Court on this subject. In the Harvester Company case where the service on the agent of the company was sustained the court said the case was a close one and remarked of the Green case, where the service was quashed, that it was an extreme case.

■ Merely sending solicitors into a state, who may do nothing but solicit orders, is not under the authorities doing business there. But when a corporation leases and pays rent for an office, installs a telephone, causes its name and address to be inserted in telephone directories and displays its wares, it is, in my opinion, doing business in the state. If that is not doing business, what is it?

Doing business is not a technical term, having a precise, definite meaning. We are dealing with a practical matter and should, perhaps, concern ourselves with consequences. A corporation, extending its activities over a considerable part of the United States, should not be permitted, through over refinement of terms, to screen itself from suits by those with whom it is dealing, and compel one who has a cause of action against it to travel across the continent to obtain a remedy. If its business is far flung it is not greatly inconvenienced by being compelled to defend in a court sitting in a district far from its main office or principal place of business.

The motion to quash will be denied. An order to that effect will be entered March 13, 1939, at 10 o'clock A. M.