## PAGNOTTI v. ALAN WOOD STEEL CO.

District Court, S. D. New York.
Jan. 29, 1940.

Kraut & Kraut, of New York City (Sidney Kraut, of New York City, of counsel), for plaintiff.

Breed, Abbott & Morgan, of New York City (Charles H. Tuttle and Malcolm D. Watson, both of New York City, of counsel), for defendant.

CONGER, District Judge.

This is a motion by defendant, a Pennsylvania corporation, to set aside the attempted service of process herein on the ground that the defendant is not doing business within the State of New York.

The suit is one for damages for alleged false arrest and detention caused to be made by the defendant.

It appears that the defendant has an office in the City of New York, and has had for several years; that it is listed in the New York telephone directory; that it has a district sales manager in New York, but no resident officer or director; that all orders on sales are sent directly to the home office at Conshohocken, Pennsylvania, where they are accepted or rejected; that no record of these transactions are kept in the New York office; that it employs six persons in the New York office; that it has a checking account in the name of the district sales manager, limited to one thousand dollars; that it employs salesmen to solicit business; that its name appears on the door of the New York office, as of Conshohocken, Pennsylvania; that it employed a commission agent or salesman in Buffalo, within the State of New York.

The activities of this corporation within the State of New York are not sufficient to bring it within the jurisdiction of this court. I think that this case falls directly within the rules as recited in the cases of Davega, Inc., v. Lincoln Furniture Mfg. Co., 2 Cir., 29 F.2d 164; Elevator Supplies Co., Inc., v. Wagner Mfg. Co., D.C., 54 F.2d 937; and Cohen v. Boulevard Frocks, Inc., D.C., 26 F.Supp. 771.

The motion of defendant is granted. Settle order on notice.