## KEPPEL et al. v. E. W. WIGGINS AIRWAYS, Inc., et al.

## DAVIS v. E. W. WIGGINS AIRWAYS, Inc., et al.

### Nos. 51–57, 51–58.

United States District Court
D. Massachusetts.

March 24, 1952.

Daniel J. Dempsey and James Langan, Boston, Mass., for petitioner Harold Keppel.

James L. Vallely, Boston, Mass., for petitioner Edward S. Davis.

Herbert C. Splane (of Kneeland & Splane), Boston, Mass., for respondent E. W. Wiggins Airways.

Paul V. Power (of Gaston, Snow, Rice & Boyd), Boston, Mass., for respondent Van Arsdale.

John F. Cremens, Boston, Mass., for third party defendant Avco Mfg. Co.

SWEENEY, Chief Judge.

The defendant E. W. Wiggins Airways, Inc., has filed exceptions to the libel. The third party defendant Avco Manufacturing Corporation, who was impleaded by the defendant Van Arsdale, has filed a special appearance in which it attacks the jurisdiction and venue of this court on the ground that it does not do business within the territorial limits of the Commonwealth. Sometime in 1949 there was an airplane accident in Massachusetts Bay in which several people lost their lives. The owner of the airplane was the defendant Van Arsdale. The defendant Wiggins is alleged to have made improper repairs to the plane's engine. After the original service had been brought, Van Arsdale moved to bring in the third party defendant Avco Manufacturing Corporation on the ground that it was shown upon examination of the plane's engine that a piston was defective, and upon Van Arsdale's theory Avco could be held liable.

Avco Manufacturing Corporation itself and several large subsidiaries are engaged in the manufacture of airplane engines, refrigerators, home and farm freezers, electric ranges, kitchen sinks and cabinets, washing machines, dryers and ironers, radios and television sets, water heaters and disposal units. None of these products are manufactured in Massachusetts and none are sold directly by Avco to the consuming public in Massachusetts. Avco does maintain at least two salesmen in Massachusetts who do not take orders within the Commonwealth but merely go about creating good will with distributors and encouraging distributors to send orders to the home office outside the Commonwealth of Massachusetts for acceptance there. One Hollis B. Vaughan is a Vice President of the George H. Wahn Co. which is a distributor of Avco products. Service was made both on the said Vaughan as the de facto agent of Avco Manufacturing Corporation and also on the Commissioner of Corporations and Taxation in accordance with the procedure outlined in Massachusetts General Laws, Chapter 181, Section 3A. It is conceded by Van Arsdale that if Avco was merely and solely engaged in the solicitation of interstate business in the Commonwealth of Massachusetts, it would not be subject to the jurisdiction of this court, and in fact would not be doing business in Massachusetts, but he insists that Avco's activities come within the rule of law laid down in Wyshak v. Anaconda Copper Mining Co., 1952, Mass., 103 N.E.2d 230, 232, where the court said: "In addition to straight solicitation, the activities embrace promotional work and the investigation of complaints. Promotion lays the foundation for future business transactions, which may occur with or without solicitation. The investigation of complaints is an important factor in the completion of business transactions, an indispensable aid to performance and a conserver of good will. Investigation and correspondence as to complaints partake of activity outside the simple solicitation of business."

In addition to soliciting business in Massachusetts, Avco engages in the following practices: With each one of its products coming into Massachusetts an "owner's warranty" is given to cover the particular article and the distributor is authorized to pass this warranty on to the retailer, who in turn passes it on to the public when the delivery of the article is made. This is a contract of warranty between Avco and the ultimate owner made in Massachusetts. On the warranty is a statement to "Call only Crosley Authorized service" (Crosley being one of the subdivisions of Avco). Avco advertises in Massachusetts considerably by radio and newspaper in the name of the local retailers. The cost of advertising is paid partly by the retailers and partly by the distributors out of a fund created by Avco. In 1951 this fund amounted to $30,000.

Avco has provided for servicing of all of its products in Massachusetts by the distributors, who replace defective parts, render service and bill the retailers for the work involved. If the retailer refuses to pay the charges they are then paid for by the distributor. Avco through its distributors and dealers pledges to the public its corporate prestige and credit, which is a potent factor in distributing their products throughout Massachusetts. Avco is engaged in the manufacture of a huge number of home appliances and undoubtedly millions of dollars' worth of these appliances are in Massachusetts homes. If Avco had not arranged for the servicing of its products in Massachusetts and for loaning of its prestige in the sale of its products accompanied by its warranty, it would hardly have been on a real competitive basis with other manufacturers selling in the state. The acceptance of distributors' orders outside of Massachusetts is insufficient to negative the idea that Avco is doing business within the Commonwealth. The exceptions of Avco Manufacturing Corporation to the court's venue and jurisdiction are overruled.

I can see no merit to the exceptions to the libel filed by the defendant E. W. Wiggins Airways, Inc. They are simply referred to in the libel as joint tort-feasors, and I see no reason for dismissing them from this action. The exceptions are overruled.