**Herman BERKELHAMMER,**
**Plaintiff,**

v.

**WHITEHALL PHARMACAL COMPANY,**
**Defendant.**

United States District Court
S. D. New York.
July 9, 1956.

Delson, Levin & Gordon, New York City, for plaintiff, Raymond P. O'Keefe, New York City, of counsel.

John P. Smith, New York City, for defendant, Allen M. Taylor, New York City, of counsel.

LEVET, District Judge.

The plaintiff has moved to transfer the above-entitled action to the United States District Court for the District of Rhode Island pursuant to Section 1404(a) of Title 28 U.S.C.A.

The complaint in this action alleges that (1) plaintiff resides and is domiciled in the State of Rhode Island; (2) the defendant is a manufacturer of pharmaceutical products; and (3) a bottle of one of these products, to wit,

Freezone, was sold to the plaintiff in a drugstore in Rhode Island. Neither the advertisements nor the instructions on the bottle, it is claimed, warned the plaintiff that the product would be dangerous to people suffering from diabetes, with which the plaintiff was afflicted. It is claimed that as a result of the use by plaintiff of such remedy, produced by the defendant, plaintiff was seriously affected and was forced to have both feet amputated.

The defendant was served within the Southern District of New York. Now the plaintiff wishes to transfer this action to the United States District Court for the District of Rhode Island.

Section 1404(a) of Title 28 U.S.C.A. is as follows:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The following factors appear to militate in favor of such transfer, *provided* that this action might have been brought in the United States District Court for the District of Rhode Island:

(1) The defendant sold and distributed its products throughout the State of Rhode Island to retailers and wholesalers;

(2) The sale of these products is said to be promoted through national advertising reaching Rhode Island;

(3) Plaintiff is a resident of Rhode Island;

(4) The sale took place in Rhode Island;

(5) The claimed injuries allegedly took place in Rhode Island;

(6) The witnesses for plaintiff, to wit, the plaintiff himself and five physicians, all reside in Rhode Island;

(7) The hospital where plaintiff was confined as a result of the alleged effects is the New England Deaconess Hospital located in Boston, Massachusetts.

On the other hand, the defendant points out that:

(1) It does not maintain any office in Rhode Island;

(2) It is not incorporated in Rhode Island but is an Illinois corporation;

(3) Its "technical" witnesses with respect to the use of Freezone are not in Rhode Island;

(4) The plaintiff himself elected to sue defendant in New York.

As indicated above, the basic issue is whether or not this action might have been brought against this defendant in the United States District Court for the District of Rhode Island. Title 28 U.S. C.A. § 1391(c) is as follows:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

The plaintiff in this case asserts that the defendant is doing business in the State of Rhode Island. To sustain this contention it is said that the defendant employs two salesmen, one who resides in Norwood, Massachusetts, and another who resides in East Greenwich, Rhode Island, and that these salesmen are engaged in the continuous and systematic solicitation of business for the defendant within the State of Rhode Island, visiting distributors and promoting the defendant's business therein. The defendant concedes that the products manufactured by it in New York and elsewhere are sold by retailers and wholesalers within the State of Rhode Island, but contends that all such sales are consummated at the office of the defendant in New York, the defendant being an Illinois corporation which maintains its principal office in New York City. The defendant asserts that it maintains no office, employee, bank account or other property, except accounts receivable, within the State of Rhode Island. There is no evidence that the defendant is licensed to do business in Rhode Island.

There appears to be no Rhode Island statute providing for constructive service on a defendant foreign corporation not doing business in the state where the cause of action sued upon arises out of a contract made within the state or a tort occurring in the state. Cf. Compania De Astral, S. A. v. Boston Metals Co., 205 Md. 237, 107 A.2d 357, dissent in 108 A.2d 372, certiorari denied 348 U.S. 943, 75 S.Ct. 365, 99 L.Ed. 738.

 Under the circumstances it does not conclusively appear that the defendant is doing anything more than the solicitation of business in the State of Rhode Island. In general, the cases have held that this is insufficient without some further substantial activity to constitute "doing business" in the state in which it is sought to hold the defendant subject to jurisdiction under Section 1391(c) of Title 28 U.S.C.A. Peebles v. Chrysler Corporation, D.C.W.D.Mo.1932, 57 F.2d 867; Elgin Laboratories, Inc., v. Utility Mfg. Co., D.C.N.D.Ill.1939, 26 F.Supp. 918; Pagnotti v. Alan Wood Steel Co., D.C.S.D.N.Y.1940, 31 F.Supp. 518; Keppel v. E. W. Wiggins Airways, Inc., D.C.D.Mass.1952, 103 F.Supp. 911.

In the Peebles case, supra, Judge Reeves in his opinion stated:

"While the courts have not laid down an all embracing rule by which it may be determined what constitutes the 'doing of business' by foreign corporations in such manner as to subject them to jurisdiction, yet as a general proposition the test is whether or not such agent is not only soliciting business, but also concluding business transactions in the state." 57 F.2d at page 867.

In the Elgin case, supra, Judge Holly stated:

"Merely sending solicitors into a state, who may do nothing but solicit orders, is not under the authorities doing business there." 26 F. Supp. at page 919.

In the Keppel case, supra, Judge Sweeney stated in his opinion as follows:

"It is conceded by Van Arsdale that if Avco was merely and solely engaged in the solicitation of interstate business in the Commonwealth of Massachusetts, it would not be subject to the jurisdiction of this court * * *." 103 F.Supp. at page 912.

 Consequently, the motion to transfer this case to the United States District Court for the District of Rhode Island must be denied since the defendant is not incorporated in the State of Rhode Island, is not licensed to do business in the State of Rhode Island, and is not, in my opinion, doing business in that judicial district so as to render it amenable to suit in said state.

Settle order on notice.