**Mary McGEE and Connell McGee, Plaintiffs,**

v.

**The SOUTHERN PACIFIC COMPANY, Defendant.**

United States District Court
S. D. New York.
May 23, 1957.

Markewich, Rosenhaus & Beck, New York City, for plaintiffs, Robert Markewich, New York City, of counsel.

Waterman & McLean, New York City, for defendant, Jeremiah C. Waterman, Robert P. Shaughnessy, New York City, of counsel.

SUGARMAN, District Judge.

Mary McGee and Connell McGee, her husband, residents of New Jersey, bring action to recover damages for personal injuries sustained by Mary McGee and consequential damages sustained by her husband.

It is claimed that on February 1, 1955, Mary McGee was injured through the negligence of the defendant, The Southern Pacific Company, in Palo Alto, California, while she was a passenger on its train.

The instant action was commenced on January 10, 1957.

The defendant now moves:

"1. For an order dismissing the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure [28 U.S.C.A.] on the ground that the Court has no jurisdiction over the subject matter of the action, in that the exercise of jurisdiction would be contrary to the intent and in violation of Clause 3 of Section 8, Article I, of the Constitution of the United States, for the reason that it would impose an unreasonable and unnecessary burden and obstruction to interstate commerce; or in the alternative

"2. For an order pursuant to 28 U.S.C.A. § 1404(a) transferring this action to the United States District Court for the Northern District of California, Southern Division, for the convenience of parties and witnesses and in the interest of justice; or in the alternative

"3. For an order dismissing the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the ground that it appears on the face of the complaint and from allegations therein that the claims set up in said complaint did not accrue, if they accrued at all, to the plaintiffs within one year before the bringing of this action and that, therefore, the action is barred by Section 340 of the California Code of Civil Procedure and Sections 13 and 49 of the New York Civil Practice Act."

The plaintiffs cross-move:

"For an order pursuant to 28 U.S.C.A., Section 1404(a), transferring this action to the United States District Court, District of New Jersey, for the convenience of parties and witnesses and in the interest of justice."

The court will not pass upon the constitutional question raised in the first branch of the defendant's motion because it is unnecessary to do so in the light of the disposition of the motion on other grounds.

The second branch of the defendant's motion for transfer to California is denied. It is agreed by the parties that

the granting of this relief will inevitably result in the dismissal of the action under the one-year statute of limitations applicable to this case by the law of California. It would be a useless gesture to transfer for a dismissal if such result is indicated here.

The parties are in further agreement that unless the plaintiffs' cross-motion for transfer to New Jersey is granted, the third branch of the defendant's motion to dismiss the complaint must be granted.

Turning then to plaintiffs' cross-motion to transfer to the District of New Jersey, the power to transfer is to be found in 28 U.S.C.A. § 1404(a).

Assuming that, for the convenience of the parties and witnesses and in the interest of justice, this case should be transferred, it may only be transferred to any other district where it might have been brought. It is necessary, therefore, to determine whether the action might have been brought in the District of New Jersey where the plaintiffs reside.

Three factors enter into the determination of whether the transferee district is one in which a suit might be brought. They are: (1) jurisdiction of the subject matter; (2) venue; and (3) amenability to process. In the instant case the third factor is absent in the District of New Jersey.

There is no doubt that there is jurisdiction in the District of New Jersey because this is a suit for more than $3000, brought by citizens of New Jersey against a corporation organized in Delaware.[1]

Nor is there any doubt that venue lies in the District of New Jersey because the plaintiffs reside therein.[2]

■ However, the defendant is not amenable to process in the State of New Jersey.[3] The issue here presented, i. e., whether a district court may, on the plaintiffs' motion, transfer to another district in which jurisdiction and venue are proper, but in which latter district the defendant has not waived and is not amenable to process, has been answered in the negative in this circuit.[4]

■ Even were a district judge disposed to do so, he could not, as plaintiffs suggest, reject[5] so clear cut a holding of the Court of Appeals of his own circuit as is Foster-Milburn for what is characterized as a contrary view.[6]

The defendant not having waived and not being amenable to process in the District of New Jersey, despite adequate jurisdiction and venue in that district, the plaintiffs' cross-motion to transfer to the New Jersey District is denied.

It being conceded that the complaint was not filed herein within one year after the claimed injury and that under the statutes of California and New York the claim thereby became unenforceable, the third branch of the defendant's motion to dismiss the complaint, pursuant to F.R.Civ.P. 12(b), is granted.

It is so ordered.

1. 28 U.S.C.A. § 1332(a) (1).

2. 28 U.S.C.A. § 1391(a).

3. F.R.Civ.P. 4(d). (3).

4. Foster-Milburn Co. v. Knight, 2 Cir., 1950, 181 F.2d 949, reversing McCarley v. Foster-Milburn Co., D.C.W.D.N.Y. 1950, 89 F.Supp. 643, cf. McCarley v. Foster-Milburn Co., D.C.W.D.N.Y.1950, 93 F.Supp. 421.

5. In re Weinstock, D.C.S.D.N.Y.1936, 73 F.Supp. 734; McComb v. Frank Scerbo & Sons, Inc., D.C.S.D.N.Y.1948, 80 F. Supp. 457, affirmed 2 Cir., 1949, 177 F. 2d 137.

6. In the Matter of Josephson, 1 Cir., 1954, 218 F.2d 174.