Accordingly, the court directs that an order of acquittal be entered.

Marion J. BUNKER and Adelbert J. Bunker, Plaintiffs,

v.

Donald E. ARMSTRONG, Defendant.

No. 4-60-Civ.-81.

United States District Court
D. Minnesota,
Fourth Division.

June 21, 1960.

William H. DeParcq and Robert N. Stone, Minneapolis, Minn., for plaintiffs.

Maurice H. Rieke, Minneapolis, Minn., for defendant.

DEVITT, Chief Judge.

This is a diversity action brought against a Minnesota defendant by California plaintiffs who seek damages in excess of $10,000 for the claimed negligence of the defendant in the operation of his automobile when it collided with an auto in which one of the plaintiffs was riding on the streets of Minneapolis in 1959. The defendant denies negligence.

For decision now is a motion by plaintiffs to transfer this case to the Southern District of California, Southern Division, under 28 U.S.C. § 1404(a) (1952). This section provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The issue is whether, assuming the proper showing is made, the Southern District of California is a district where this suit "might have been brought" so that this Court has authority to transfer the suit there.

Section 1404(a) was inserted in the Judicial Code as a part of the revision of Title 28 by the 80th Congress in 1948. It was an innovation. Its meaning has been debated. The cases are collected in 1 Barron & Holtzoff, Fed.Practice §§ 86–86.8 (Rev.Ed.1960).

One of the controversies involving this new addition to the Judicial Code revolves around the exact meaning of the expression "might have been brought" constituting the last clause in the quoted section. The leading decision of Foster-Milburn Co. v. Knight, 2 Cir., 1950, 181 F.2d 949, 950, held that a case could not be transferred on the motion of plaintiff to a district where defendants were not subject to process, since such was not a district where the suit "might have been brought." This is a logical and common-sense interpretation of the statute, and the Foster-Milburn case has been widely followed. Shapiro v. Bonanza Hotel Co., 9 Cir., 1950, 185 F.2d 777, 780–781; McGee v. Southern Pac. Co., D.C.S.D.N.Y.1957, 151 F.Supp. 338; Gilpin v. Wilson, D.C.M.D.Ala.1947, 148 F.Supp. 493; Berkelhammer v. Whitehall Pharmacal Co., D.C.S.D.N.Y.1956, 143 F.Supp. 71; Rogers v. Halford, D.C. E.D.Wis.1952, 107 F.Supp. 295; United States v. Reid, D.C.E.D.Ark.1952, 104 F. Supp. 260; Herzog v. Central Steel Tube Co., D.C.S.D.Iowa 1951, 98 F.Supp. 607.

The case has been subject to criticism. Note, 60 Yale L.J. 183 (1951). The Court of Appeals for the First Circuit has indicated its disagreement with Foster-Milburn. In re Josephson, 1 Cir., 1954, 218 F.2d 174, 185–186.

Just last week the United States Supreme Court, in affirming two Seventh Circuit Court of Appeals rulings, held that the expression "any other district * * * where [the action] might have been brought" means a district where service could originally have been effected, and where venue would have been proper independently of the defendant's wishes. Hoffman v. Blaski (Sullivan v. Behimer), 80 S.Ct. 1084.

In the instant case, the defendant lives in Minnesota. It does not appear that plaintiffs could have effected service upon defendant in the State of California at the time the suit was instituted. To permit them now to transfer the case to California, assuming a showing is made, would be to frustrate the whole Congressional scheme of venue and service of process set up in 28 U.S.C. § 1391 (1952) and Fed.R.Civ.P. 4(f), 28 U.S.C.

It is patently untenable to suppose that Section 1404(a) was intended to enable a resident plaintiff to serve process outside his state and bring a nonresident to trial outside his own district, paraphrasing Foster-Milburn, 181 F.2d at page 952. Also see Barnhart v. John B. Rogers Producing Co., D.C.N.D.Ohio 1949, 86 F.Supp. 595, at page 599.

Plaintiffs' motion for transfer is denied.