**Anthony R. CAMP and Mafalda Camp, d/b/a Camp's, Plaintiffs,**

**v.**

**LEBANON FABRICS CORPORATION, Defendant.**

United States District Court
S. D. New York.
Aug. 18, 1960.

Ambrose V. McCall, Jr., Pierro C. Johnson, New York City, for plaintiffs.

Daniel M. Brams, New York City, for defendant.

BICKS, District Judge.

*Sub judice* is plaintiffs' motion, under 28 U.S.C. § 1404(a), to transfer this cause to the Northern District of Illinois, Eastern Division. Plaintiffs are citizens of Illinois and defendant is a New York corporation.

In 1957, plaintiffs commenced an action in the District Court to which transfer is sought upon a complaint identical to that in the instant suit. Defendant appeared specially in said suit and moved to dismiss on the ground that it was not amenable to process in Illinois. That motion was granted and the action dismissed. Plaintiff cross-moved under section 17 of the Illinois Civil Practice Act[1] for leave to effect personal service on the defendant outside of the state. The motion was denied.

---

1. " § 17. Act submitting to jurisdiction—Process

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this State;

"(b) The commission of a tortious act within this State; * * *

"(2) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State. * * *" S.H.A. Ill. ch. 110, § 17.

Section 1404(a) provides:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Amenability of the defendant to service in the transferee district has consistently been held a requisite to the right to invoke Section 1404(a). Foster-Milburn Co. v. Knight, 2 Cir., 1950, 181 F.2d 949; McGee v. Southern Pacific Co., D.C.S.D. N.Y.1957, 151 F.Supp. 338; Berkelhammer v. Whitehall Pharmacal Co., D.C.S. D.N.Y.1956, 143 F.Supp. 71; Drapkin v. Keene, D.C.S.D.N.Y.1955, 128 F.Supp. 182.

■ The prior adjudications that defendant is not amenable to process in the transferee district may not be collaterally attacked. Baldwin v. Iowa State Traveling Men's Ass'n, 1931, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244.

Motion denied. So ordered.