**Eldridge T. LEITH, Libelant,**

v.

**THE French Steamship ROCROI, her boiler, engines, tackle, apparel, and furniture, Respondent.**

**A.D. No. 1992.**

United States District Court
S. D. Texas,
Houston Division.

Feb. 21, 1962.

Combs & Mitchell, W. Arthur Combs, Houston, Tex., for libelant.

Eastham, Watson, Dale & Forney, J. P. Forney, Houston, Tex., for respondent.

INGRAHAM, District Judge.

Libelant has filed a libel in rem against the French Steamship Rocroi in this court, and he now moves this court to transfer the action "to the United States District Court for the District of Minnesota, Fifth District". Libelant contends that the facts justify such a transfer under Title 28 U.S.C.A. § 1404(a).

Section 1404(a) provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Since this court is of the opinion that the United States District Court for the District of Minnesota is not a court where this action "might have been brought", it is not necessary to decide the questions attendant to the scope of the libelant's right to transfer an action out of the court in which he originally chose to bring it, or to determine whether an action purely in rem can ever meet the requirement of Section 1404(a) of two districts or divisions where the suit might have been brought, inasmuch as the res can normally be

expected to have situs in only one jurisdiction at one time.

Before it becomes necessary to give consideration to the factors of convenience of parties or witnesses, or the interests of justice, it must first be established that at the date of filing suit in one court there was another court in a different district or division where suit would have been equally proper. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1959). Since this is an in rem proceeding against the Steamship Rocroi, jurisdiction is where the property can be found at the time of suit. Thus, the property was not amenable to suit in the District of Minnesota, because at the time of suit it was to be found in the Southern District of Texas, where it was in fact libelled. Nor does it appear that there is any other basis for jurisdiction which might have supported an original action in the District Court for the District of Minnesota at the time this suit was filed here. Libelant alleges that Courtage et Transports, the owner of the Rocroi, has an agent named S. A. McLennan who represents them within the District of Minnesota and against whom suit could originally have been brought. But Mr. McLennan, in his affidavit, specifically denies that he is an agent or representative of Courtage et Transports, stating that he was retained by Courtage only between June 22, 1959, and July 2, 1959, to act as husbanding agent for two of Courtage's ships, including the Rocroi, and that since July 2, 1959, he has not represented the Rocroi or its owners in any capacity. As such, he was not amenable to suit as their agent in 1961, when this in rem action was filed here. Libelant alleges no other fashion in which the Rocroi or its owners could have been sued in a federal court in Minnesota at the date that the proceedings were filed with this court. Thus, the facts present no basis for transfer compatible with the requirements of Title 28 U.S.C.A. § 1404(a).

Libelant's motion to transfer will be denied. The clerk will notify counsel to draft and submit appropriate order.