**Esther JOHNSON**

v.

**W. G. NICKERSON.**

**Civ. A. No. 2243.**

United States District Court
D. New Hampshire.

March 15, 1962.

James M. Winston, Manchester, N. H., for plaintiff.

James B. Godfrey, Concord, N. H., for defendant.

CONNOR, District Judge.

This is a motion for transfer brought by the plaintiff under the provisions of 28 U.S.C.A. § 1404(a) which are as follows:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Defendant resists the motion primarily on the basis that the proposed transferee district, the Eastern District of South Carolina, is not one of those districts "where it [the action] might have been brought."

The initial question then is whether or not this court has the power to make the requested transfer. This case arose out of allegedly false and slanderous

words and charges said to have been uttered by the defendant in South Carolina. The plaintiff is a citizen and resident of South Carolina and the defendant is a citizen and resident of New Hampshire. It appears from the motion that the plaintiff was unable to obtain service of process upon the defendant in South Carolina.

As the parties are citizens of different states and the amount in controversy exceeds $10,000, it appears that any district court would have jurisdiction over the subject matter. 28 U.S.C.A. § 1332 (a). In addition, statutory venue appears proper either in the District of South Carolina or in this district. 28 U.S.C.A. § 1391(a). The issue is whether it is necessary that the defendant be amenable to process in the transferee district in order that it may qualify as one where the action might have been brought.

Two of the earlier cases dealing with the question held that actions could not be transferred on plaintiffs' motions to districts where the defendants were not subject to service. Foster-Milburn Co. et al. v. Knight, 2nd Cir., 1950, 181 F.2d 949; Shapiro v. Bonanza Hotel Co., Inc., 9th Cir., 1950, 185 F.2d 777.

The question arose in this circuit on a defendant's motion to transfer in the case of In re Josephson, 1st Cir., 1954, 218 F.2d 174, in which the court dismissed a petition for a writ of mandamus by which it was sought to vacate an order of transfer entered below. In that case, the plaintiff, a resident of New York, brought what was described as a "complaint in the nature of a typical minority stockholder's derivative suit" against a New Mexico corporation " 'with its principal office and a usual place of business' in Lowell, Mass." and three individual citizens of Massachusetts. Service was properly made on all of the defendants in Massachusetts, three of whom moved for transfer to the District of New Mexico, or in the alternative to the Northern District of Texas. All four defendants waived any objection to venue

that they might have in the transferee districts and agreed to enter their appearances in whatever forum to which the case might be transferred. The court held that both the District of Massachusetts and the District of New Mexico had jurisdiction over the subject matter and that venue was proper in both districts under 28 U.S.C.A. § 1401. The corporate defendant could have been served with process in New Mexico, but the individual defendants could not have been so served unless they had been found within the district.

The court held that the phrase "where it might have been brought" authorized a transfer to a district court in a district which had jurisdiction over the subject matter and in which venue was proper, assuming, of course, that the other requirements of the section were satisfied.

In a subsequent case precisely similar on its facts to the instant one, Troy v. Poorvu, D.C.Mass., 1955, 132 F.Supp. 864, the court, feeling bound by the language of Josephson, authorized transfer to the District of Connecticut pursuant to the plaintiff's motion.

In 1960, the Supreme Court had occasion to deal with the problem in the case of Hoffman v. Blaski, et al., 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254. In both Blaski and its companion case, Sullivan v. Behimer, it was conceded that the actions had been properly brought in the transferor districts, that service of process could not be obtained in the transferee districts, and that statutory venue did not exist in either of such transferee districts. The principal contention of the petitioners was that the phrase "where it might have been brought" referred not only to the time of bringing the suit, but also to the time of the motion to transfer it and that where, as was the situation in the cases, the defendant moves for transfer and consents to the jurisdiction of the transferee district such a district ought to be deemed a proper one to which the matter might be transferred. The court in rejecting this contention and affirm-

ing the judgments of the Court of Appeals for the Seventh Circuit voiced agreement with that court in the following quotation at page 344, 80 S.Ct. at page 1090:

"If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district 'where [the action] might have been brought.' If he does not have that right, independently of the wishes of defendant, it is not a district 'where it might have been brought,' and it is immaterial that the defendant subsequently [makes himself subject, by consent, waiver of venue and personal jurisdiction defenses or otherwise, to the jurisdiction of some other forum]."

In the case of Ragsdale v. Price et al., D.C.M.D.Tenn.1960, 185 F.Supp. 263, the court, relying on the above quotation, took the position that the impact of the Blaski decision would reach a case, like the one at bar, where statutory venue existed in the transferee district, but in which service could not be obtained on the defendant. As was therein pointed out, Mr. Justice Frankfurter was apparently of the same view in his dissenting opinion. See 363 U.S. at pages 362 and 366, 80 S.Ct. at pages 1099 and 1101. See also Bunker v. Armstrong, D. C.D.Minn., 1960, 184 F.Supp. 472 at 473; Ackert v. Ausman, D.C.S.D.N.Y., 1961, 198 F.Supp. 538 at 542. The case of Dill v. Scuka, D.C.E.D.Pa., 1961, 198 F. Supp. 808, apparently represents a more restrictive interpretation of Blaski. However that may be, the case would seem distinguishable on its facts inasmuch as the court found that "[t]here was a reasonable probability on this record that [the defendant] could have been served in the transferee district within a reasonable time after institution of this suit * * *." In the face of the admittedly unsuccessful efforts to secure service in this case, I cannot indulge in a similar presumption.

■■ Commentary on the Josephson decision has speculated that it was controlled by the principle of waiver. Mitchell v. Gundlach, D.C.D.Maryland, 1955, 136 F.Supp. 169; Ragsdale v. Price, et al., supra, 185 F.Supp. at page 267. While in view of Troy v. Poorvu, supra, I do not feel the case can be distinguished on that basis, I am persuaded that the force of both decisions has been largely diminished by Hoffman v. Blaski, supra, and the phrase "where it might have been brought" must now be interpreted to refer not only to a district were venue is proper and where the court has jurisdiction over the subject matter, but, in addition, to a district where the defendant is amenable to service of process. The weight of authority outside this circuit is in accord with this interpretation. See in addition to the above: Camp v. Lebanon Fabrics Corporation, D.C.S.D.N.Y., 1960, 186 F. Supp. 628; Host v. American Road Equipment Co., D.C.D.Delaware, 1960, 183 F.Supp. 161; Gilpin v. Wilson, D.C. M.D.Alabama N.D., 1957, 148 F.Supp. 493; Rogers et al. v. Halford, D.C.E.D. Wisconsin, 1952, 107 F.Supp. 295.

It appearing that the plaintiff was unable to serve process upon the defendant in South Carolina, it must be concluded that the Eastern District of South Carolina is not one where the action might have been brought and, accordingly, apart from any considerations of convenience which might have led to a contrary result, the motion for transfer must be denied. An order will be so entered.