**PAN AMERICAN BANK OF MIAMI,**
**Plaintiff,**

v.

**Guy W. GULLY, Defendant.**

**Civ. A. No. 62–592.**

United States District Court
W. D. Pennsylvania.

Aug. 1, 1963.

Richard L. Thornburgh, Pittsburgh, Pa., for plaintiff.

Hubert I. Teitelbaum, Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

From the record it appears that the plaintiff, Pan American Bank of Miami, a resident of the State of Florida, seeks to enforce a guarantee of payment against the defendant, Guy W. Gully, for the sum of $840,000 for liabilities incurred by Akros Dynamics Corporation. The defendant, a citizen of Pennsylvania, was served with process in the Western District of Pennsylvania. After default by Akros Dynamics Corporation, the plaintiff procured a judgment against the principal obligor in the amount of $847,-033.95 on August 9, 1961 in the Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida.

**406**

A motion was presented here by the defendant for transfer of this case from this district to the United States District Court for the Southern District of Florida.

The plaintiff contests this motion, and objects to the transfer because it contends (1) that this Court has no power to transfer the case under the circumstances; (2) that no venue exists in the State of Florida for the reason that the action could not have been brought there; and (3) that the defendant has shown insufficient reason for a transfer of the action.

Accordingly, it must be determined, first, whether or not this Court has power to effectuate a transfer. Leith v. Rocroi, 203 F.Supp. 48 (S.D.Tex.1962); second, whether the transferee forum has jurisdiction, Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); and third, whether under the circumstances of this particular case, a transfer should be ordered.

Section 1404(a) of the Judicial Code, 28 U.S.C.A. states:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

■ Furthermore, the consideration of whether or not the transferee forum is one wherein the action might have been brought is related to the time when the action actually was brought. Paramount Pictures, Inc. v. Rodney, 186 F.2d 111 (3 Cir., 1951); Barrack v. Van Dusen, 309 F.2d 953 (3 Cir., 1962).

Under the conditions set forth in Section 1404(a), this Court has power to transfer a case, when in the exercise of its discretion, it finds that such a transfer would be more convenient for the parties involved, or the witnesses, or if, in the interest of justice, a transfer should be ordered; provided, however, that the district to which the case is to be transferred is one in which suit orginally could have been brought.

■ This requires here that both venue and jurisdiction over the subject matter existed in Florida, as of the date when service could have been had in the transferree forum. It would require that the plaintiff might have been able to have obtained the service of process on the defendant in Florida. Johnson v. Nickerson, 208 F.Supp. 609 (N.H.1962); Host v. American Road Equipment Co., 183 F.Supp. 161 (D.C.D.Del.1960).

The plaintiff contends that since the defendant was personally served in Pennsylvania and had offered no proof that service could have been effectuated in Florida, it must be concluded that the defendant was not amenable to process in that state and therefore this Court is without jurisdiction.

■ The record as presented to this Court shows that although the defendant was a Pennsylvania citizen at the time of the commencement of this suit and that he was, then, physically present in Pennsylvania, that he also maintained a leased residence in Florida, where the regular address was Biscayne Terrace Hotel, 340 Biscayne Boulevard, Miami, Florida; that prior thereto he lived at the McAllister Hotel, #10 Biscayne Boulevard, Miami, Florida, and that he had a place of business in Florida with the Orange Sun Lines, Inc., Pier #3, Miami, Florida. The defendant's affidavit shows that there were adult persons present in Florida at his residential address where service could have been made upon him at the time of the commencement of the suit. This is not contradicted by the plaintiff, nor does it offer any other affirmative proof that service in Florida actually could not have been so made. The plaintiff does not show that service was in fact attempted in Florida but was unsuccessful. Therefore, it cannot be determined that service could not have been made upon the defendant in Florida and that such suit could not have been brought in Florida within the meaning of Title 28 U.S.C.A. § 1404(a). This Court concludes that the defendant was subject to service of process in Florida.

and that accordingly there is power to transfer.

The next question is should the transfer be made. The contested transaction which is the subject matter of this suit, with all related matters, appears to have occurred and exists in the State of Florida. The pertinent records involved, it appears, are located in Florida and would be more accessible in Florida for trial purposes than in Pennsylvania. The only real contact with the parties here appears to be that the defendant was or is a Pennsylvania citizen, that the plaintiff chose this forum for suit, and that both parties are represented by local counsel. While these circumstances may be important in other cases, they are of little weight in the instant case.

The plaintiff, a bank, is a citizen of the State of Florida, where presumably all of its witnesses and its records may be found, since there is no evidence here to the contrary. At the same time, since the defendant swears that his key witnesses are in the Southern District of Florida, if he desired to subpoena them for appearance in the Western District of Pennsylvania, he would be unable to do so, but he would be in a position to do so in Florida. While their depositions could be taken for trial in this Court, these witnesses are beyond the subpoena power of this Court. And if he desired, as he indicates he does, to subpoena certain records existing in Florida, this, too, would be available to him at the place where the transaction occurred. This action can therefore be conducted more efficiently and effectively in the State of Florida.

This Court has examined the possibility that a transfer of this case to the Florida Court might foreclose the action because of a lack of diversity of citizenship. The evidence in the record does not show that the defendant is a citizen of Florida or that this Court does not have jurisdiction.

From the record it appears that diversity of citizenship exists and that suit might have been brought in the United States District Court for the Southern District of Florida. Where, as here, a defendant maintains an additional residence in a state and where he or his representative may have been served, service upon such a person or representative in such state is provided for by our Federal Rules of Civil Procedure, rule 4. The fact that the defendant did maintain an additional residence in Florida and that he or his representative could have been served there is sufficient. Certainly, if the defendant was not a Pennsylvania citizen, jurisdiction would be lacking in Pennsylvania, as well as in Florida. The record does not indicate a lack of jurisdiction in either court.

As the facts exist on the record of this case, it is obvious that this Court does have power to transfer, and there appears to be good reason why a transfer should be made to Florida. It will be so ordered.